## NOYES v. GRANGER ET AL.

| 51 | 227 |
|----|-----|
| 104 | 374 |
| 51 | 227 |
| 121 | 665 |
| 51 | 227 |
| 140 | 552 |

1. **Surety:** LIABILITY UPON BOND: CANNOT BE EXTENDED BY IMPLICATION. Where there are several distinct and severable undertakings embraced in the same written agreement, and a bond is executed to secure the faithful performance of one of such undertakings, the liability of the surety upon the bond cannot be extended to embrace the other undertakings not specifically covered by the bond.

*Appeal from Harrison Circuit Court.*

WEDNESDAY, JUNE 4.

ONE A. E. Noyes entered into a written contract with Harrison county, by which he bound himself to construct what is known as the "Spooner ditch." A. E. Noyes afterward entered into a contract with John H. Noyes, plaintiff herein, by which the construction of said ditch was sub-let to him. Afterward said John H. Noyes entered into a written agreement with the defendants O. F. Granger and Isaac Smith, by which they undertook the work of excavating said ditch, and also contracted with plaintiff for the purchase of a "grader and ditcher." It was stipulated in said written agreement that said plaintiff should procure an assignment from one H. C. Wills of his interest in a certain contract with Harrison county, for the construction of a road-bed

along a part of said "Spooner ditch." This assignment was to be made to said Granger and Smith, and they bound themselves to complete that work also. They were to pay to plaintiff seven hundred and seven dollars and fifty cents for said "grader and ditcher;" and, there having been some work already done on said ditch, the said Granger and Smith were to pay to plaintiff about one hundred and twenty-nine dollars therefor. They were also to pay to plaintiff at the rate of four cents per yard. for all work done on the ditch from station 64 to station 180. In consideration of making these payments and performing the other conditions of the agreement by them to be performed, the defendants Granger and Smith were to receive the full contract price from the county for constructing said ditch. This agreement was duly signed by the plaintiff and by said O. F. Granger and Isaac Smith.

At the same time the said O. F. Granger and Isaac Smith, with the defendants George Wilson, Walter A. Smith and Joseph F. Smith, as sureties, executed and delivered to the plaintiff a bond of which the following is a copy:

"Know all men, by these presents, that we, O. F. Granger and Isaac Smith, as principals, and George Wilson, Walter A. Smith and Joseph F. Smith, as sureties, are held and firmly bound unto John H. Noyes in the penal sum of five thousand dollars ($5,000), for the payment of which, to be well and truly paid, we bind ourselves firmly by these presents.

"Witness our hands this 24th day of April, 1877.

"The condition of the above obligation is such that, whereas, the above bounden O. F. Granger and Isaac Smith have this day entered into a contract to and with John H. Noyes for the fulfilment and completion of a contract now existing between John H. Noyes and Harrison county for the construction of the Spooner ditch: Now, if the said O. F. Granger and Isaac Smith shall well and truly keep and perform the said contract

so made with John H. Noyes, then this obligation to be void, otherwise in full force and virtue.

"Witness our hands hereto the date above written."

The said written agreement and bond are exhibited with the petition. The plaintiff averred that he had performed all the conditions of said written agreement by him to be performed, and that there was due to him from said Granger and Isaac Smith, upon said amount, the sum of three hundred and fifty dollars, for which he prayed judgment upon said bond against all the defendants.

The defendants filed a joint answer. Among other defenses which were interposed they averred that the bond was executed "for the purpose only of indemnifying John H. Noyes against any liability that might accrue to him, or be incurred by him, by reason of any failure on the part of O. F. Granger and Isaac Smith to fulfil and complete the work on the 'Spooner ditch' according to the contract between Harrison county and A. E. Noyes and John H. Noyes, and for no other purpose, and that said bond by its terms has no reference and was not given to secure plaintiff in the performance of any of the other side contracts and agreements mentioned in said contract between plaintiff and O. F. Granger and Isaac Smith; that plaintiff has alleged no breach of said bond and stated no facts showing any failure on the part of O. F. Granger and Isaac Smith to complete the work on said ditch according to the original contract between Harrison county and A. E. Noyes and John Noyes."

A demurrer to this defense was sustained, and the defendants excepted to the ruling of the court. There was a trial by jury upon the other issues. There was a verdict and a judgment for the plaintiff. Defendants appeal.

*W. S. Shoemaker*, for appellants.

*Cochran & Bailey*, for appellee.

ROTHROCK, J.—The court instructed the jury to the effect

that the bond given by Granger and Smith, with the other de-

1. SURETY: liability upon bond: cannot be extended by implication.

fendants as sureties, secured the plaintiff in the performance of all the stipulations contained in the written agreement between the plaintiff and Granger and Smith. To this instruction the defendants excepted at the proper time, and assign the same as error. The ruling upon the demurrer is also assigned as error. The same question is presented by both assignments, and they may be considered together.

The argument of counsel for appellants is that the contract entered into by the plaintiff with Granger and Smith is not an entirety, but is severable, and that the bond by its terms only secured the plaintiff in the fulfilment and completion of a contract then existing between the plaintiff and Harrison county for the construction of the ditch.

The contract entered into between the parties contained several distinct propositions or undertakings. One was that Granger and Smith should complete the ditch, and receive from the county the pay for the work. Another was that they would pay for the grader and ditcher. Another that they would pay plaintiff for the work which had already been done on the contract of H. C. Wills, provided plaintiff would obtain an assignment of Wills' contract to Granger and Smith. The bond in its condition recites "that the above bounden O. F. Granger and Isaac Smith have this day entered into a contract to and with John H. Noyes for the fulfilment and completion of a contract now existing between John H. Noyes and Harrison county for the construction of the 'Spooner ditch.' Now, if the said O. F. Granger and Isaac Smith shall well and truly keep and perform the said contract so made with John H. Noyes, then this obligation to be void, otherwise in full force and virtue."

It appears from the record before us that the county required a bond of A. E. Noyes, the original contractor, to secure the faithful completion of his contract, and that when A. E. Noyes sold out his contract to the plaintiff a bond to

the like effect was executed by the plaintiff. These two bonds, together with the bond of these defendants, were all deposited with the county auditor.

These facts tend to show the purpose for which these bonds were taken. The first named was to secure the county; the others were to indemnify the obligees against any claim the county might have for a failure to complete the ditch. The bond in suit imports nothing more than this. The sureties are bound by its terms only. Their liability cannot be extended by implication. Their undertaking, in its express terms, is that Granger and Smith shall well and truly keep and perform the said contract. The said contract is recited to be "a contract with John H. Noyes for the fulfilment and completion of a contract now existing between John H. Noyes and Harrison county for the construction of the Spooner ditch." When the ditch was completed, and the work accepted by the county, and John H. Noyes released from liability for the construction thereof, the sureties on this bond were discharged from all liability. It seems to us it would be a wide departure from the obligation assumed by this bond to hold that the sureties thereto are bound to pay the price agreed to be paid for the ditcher and grader, or to answer for any default of Granger and Smith growing out of the assignment of the contract of Wills to them. Although these obligations are contained in the same written agreement, they are distinct undertakings, not referred to in the bond and not embraced in its terms. These sureties might well bind themselves that Granger and Smith would faithfully complete the ditch according to plaintiff's contract with the county, and save him harmless from his obligation to the county; but they cannot be held for any other default of Granger and Smith, because, as we understand their bond, they did not so bind themselves. There are other errors assigned and argued which we need not discuss. They relate to the sufficiency of the evidence to sustain the verdict, and to the admission and rejection of evidence. None of them seem to us to be well taken.

For the error above pointed out the judgment must be reversed, and the cause remanded for a new trial. Of course, it must be understood that we determine nothing as to the liability of O. F. Granger and Isaac Smith upon their written agreement with the plaintiff. This action is founded upon the bond.

REVERSED.