GRAY v. COAN ET AL.

1. **New Trial:** PETITION FOR. A petition for a new trial, under section 3155 of the Code, must be filed within one year from the date of the judgment or decree of the court in which the judgment or decree was rendered.

2. ———: ———. The time within which such petition must be filed commences to run from the date of the decree in the trial court, and not from the date of the affirmance of the decree in the Supreme Court.

*Appeal from Clinton Circuit Court.*

TUESDAY, JUNE 4.

THIS is a proceeding upon petition for a new trial. A demurrer to the petition was sustained, and plaintiff appeals.

*Daniel Gray,* appellant, *pro se.*

*George B. Young,* and *Chase & Monroe,* for appellee.

*Walter I. Hayes,* appellee, *pro se.*

BECK, J.—I. In October, 1873, plaintiff commenced an action in chancery to set aside a tax title held by defendant upon certain lots in the city of Clinton, on the ground of fraudulent combination at the sale, and for other reasons. On the 6th day of March, 1874, upon a trial on the merits, a decree was entered confirming defendants' title upon their cross-bill, and plaintiff's petition was dismissed. An appeal was taken to the term of this court held at Davenport, October, 1874. April 7, 1875, the decree of the court below was affirmed, and a *procedendo* issued accordingly.

The petition in this case was filed February 17, 1876. It asks for a new trial in the chancery case just referred to, and is based upon Code, §§ 3154 and 3157. Under these provisions a new trial may be granted in certain cases and for

Gray v. Coan.

specified causes, upon proceedings commenced within one year after judgment, by petition.

II. It will be observed that this proceeding was not instituted within one year from the entry of the decree in the District Court where the cause was originally prosecuted. The plaintiff is, therefore, too late, and a demurrer to his petition was correctly sustained.

**1. NEW TRIAL: petition for.**

III. But plaintiff insists that the limitation of one year provided by the statute for this proceeding, runs from the date of judgment of this court affirming the decree of the court below. Plaintiff asks for a new trial, not in this court, but in the court from which the appeal was taken. The judgment which he seeks to set aside was entered more than one year before his petition was filed. The statute provides that his petition shall be filed within one year after the judgment was entered which he seeks to disturb by his proceeding. This ends the matter, and leaves plaintiff without any right to prosecute his case.

**2. ——:——:**

One obvious reason may be mentioned in support of this conclusion. Appeals are prosecuted from final judgments of the court below. The plaintiff, by taking his appeal, admits that the judgment is final, and thereupon waives his right to prosecute this proceeding for a new trial. If this were not so, a party could, after a case was affirmed by this court, have a new trial granted below, which would be an unheard of proceeding. This court is required by the law to pronounce the final judgment in a case. To this end parties are required to bring their cases here in a condition to be so finally disposed of; they cannot hold in reserve a right to have another trial after this court has finally settled their rights by a decision.

AFFIRMED.