## COLLINS ET AL. v. BRAZILL.

1. **Will:** UNDUE INFLUENCE AND IMBECILITY: EVIDENCE NOT ESTAB-LISHING. The evidence in this case considered, (see opinion,) and *held* wholly insufficient to establish, either that undue influence was brought to bear upon the testator, resulting in the execution of the will, or that the testator was not possessed of a disposing mind.

2. ———: PROBATE OF: VERDICT OF JURY: EFFECT OF. The statute (Code, § 2340) requires that issues arising upon the probate of a will be submitted to a jury when either party demands it; and the verdict in such a case has the same effect as in ordinary actions at law, and should not be set aside for any less weighty reasons.

3. **Practice in Supreme Court:** RULINGS NOT APPEALED FROM NOT REVIEWED. Where plaintiffs moved for a new trial upon several grounds, and the court sustained the motion upon one ground, and overruled it as to the others, and plaintiffs did not appeal, they cannot ask this court to consider whether or not there was error in overruling the motion as to those other grounds.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

THIS was a proceeding in the court below for the probate of the will of Lizzie Collins. The cause was tried to a jury, and a verdict had for the defendant, which, upon motion of plaintiff, was set aside. Defendant appeals. The facts of the case appear in the opinion.

*Nourse & Kauffman* and *Williamson & Kavanaugh*, for appellant.

*Parsons & Runnells*, for appellees.

Collins et al. v. Brazill.

BECK, J.—I. The testator, a young lady of about twenty-one years of age, during her last illness, or shortly before her death, executed a will, leaving all her property to defendant. The probate of the will was resisted by plaintiffs, a brother and sister of the testator, on the grounds, as we understand the record, of undue influence exerted to induce her to execute the will, and that she did not at the time possess capacity to dispose of her property, on account of the impairment of her mind by reason of her sickness. The plaintiffs demanded a jury, under Code, section 2340, to whom the issues were tried. A verdict was returned for defendant which in effect sustained the will. Thereupon the plaintiffs moved the court to set aside the verdict and order a new trial, on the ground, among others, that the verdict is not supported by the evidence. The court sustained the motion on the ground "that the verdict is against the weight of the evidence," and further holding that "in this special proceeding it is to be treated like a verdict upon issues in chancery, and not like a verdict in an ordinary action at law."

II. We are of the opinion that the court erred in this ruling. To our minds the evidence gives abundant and satisfactory support to the verdict. Indeed, had the finding of the jury been the other way, in our judgment it would have been the duty of the court to set it aside as being in conflict with the evidence, and a refusal to do so would have been an error which we would have corrected. There is not to be found in the record a particle of evidence tending to support the claim that undue influence was exercised inducing the execution of the will. It is true that defendant is a priest of the Catholic church, and that the testator was of that faith, and that she sent for him for the purpose of consulting him in relation to her business affairs, and that he did advise her to make a will, but without a suggestion as to the manner of the disposition of her property. It does not appear that he knew what disposition she made of it by her will until after her death. Another priest

1. WILL: undue influence and imbecility: evidence not establishing.

attended her to give spiritual direction and consolation, and
to administer the last rites of the church; and whatever con-
versation defendant had with him was such as was consist-
ent with his duty as a priest and a friend, and, surely, had no
influence in shaping the testator's conclusion as to the manner
of the disposition of her property.

III.   The evidence utterly fails to show that the testator,
at the time she executed the will, was not possessed of a dis-
posing mind.   She was in a feeble condition from
THE SAME.   a complication of diseases, and at times, when
suffering, or when under the influence of opiates or other
remedies, appeared to have a confusion of ideas and to wan-
der in her mind; but, when aroused, which was easily done,
her mind was clear, and she plainly exhibited that she was in
posession of all her faculties, though in a feeble condition of
body.   She was in the precise state of mind in which all per-
sons are found, suffering from like diseases, a short time be-
fore her death.   The disposition of the property to a stranger,
to the exclusion of her brother and sister, cannot be regarded
as evidence of incapacity to execute the will.   There was a want
of harmony between her and these relatives, growing out of
the disposition and settlement of their father's estate.   She
believed that she had not obtained the share she ought to have
received.   This incident rather supports the conclusion that
she retained her memory, than the opposite, that it was im-
paired.   Without discussing the evidence further, it is suffi-
cient to repeat that it would not fairly admit of any other
conclusion than the one reached by the jury in their verdict.

IV.   The court, we think, erred in holding that the effect
of the verdict is not the same as in an action at law, and that
it should be treated differently.   The statute (Code,
2. ——: pro-
bate of: ver-   § 2340) requires issues in cases of this kind to be
dict of jury:
effect of.   submitted to a jury when demand therefor is made
by either party.   The parties may demand a jury as a matter
of right, and it follows that they have a right to the verdict
and a judgment accordingly.   These are rights secured by

Collins et al. v. Brazill.

the statute, and they do not depend upon the will or discretion of the judge trying the case. In equity, prior to a statute now in force, the chancellor at his discretion might direct an issue to be tried to a jury for the enlightenment of his conscience. Under the statute, the issue is submitted to the jury to be determined authoritatively. We know of no distinction as to the force and effect of the verdict in this case and a like verdict in an action at law,

But, should we regard the case as here under the rules prevailing in pure chancery cases, we should in that case be required to try it *de novo*. Were we to so try it, we would be required to reverse the decision of the court below upon the evidence. In any view, the decision of the circuit court cannot be sustained.

V. The motion to set aside the verdict was based, as we have before intimated, upon a number of grounds. The decision of the circuit court is to be understood as overruling the motion upon all grounds except the one to the effect that the verdict is to be regarded as of the force given to verdicts in chancery cases, and is not supported by the evidence. To this ruling plaintiffs do not except, and they have not appealed. We cannot, therefore, reverse the decision of the court holding that the motion should be overruled as to the grounds other than the one upon which the verdict was set aside. We therefore do not consider the points made by counsel for plaintiffs, based upon objections set out in their motion, which was overruled by the court below.

**3. PRACTICE in supreme court: rulings not appealed from not reviewed.**

The decision of the court below is reversed, and the cause is remanded for judgment upon the verdict.

REVERSED.