104   373
110   700

E. J. COLE, Appellant, v. T. M. EDWARDS, L. CRANE, and SAMUEL BOONE.

**Supersedeas Bond:** WHAT RECOVERABLE UNDER. Damages for defendant's continuing to practice his profession pending his appeal from a decree enjoining his future practice are not covered by the supersedeas bond conditioned for payment of "all costs and damages that shall be adjudged against said appellant in this appeal." Nothing but damages adjudged on the appeal are recoverable on such bond.

*Appeal from Harrison District Court.*—HON. F. R. GAY-NOR, Judge.

THURSDAY, JANUARY 20, 1898.

FROM an order striking the main item of damages from plaintiff's petition, he appeals.—*Affirmed.*

*S. H. Cochran* for appellant.

*Roadifer & Arthur* for appellees.

LADD, J.—After the affirmance of a decree permanently enjoining the defendant Edwards from practicing his profession in Woodbine and vicinity, (*Cole v. Edwards*, 93 Iowa, 477), the plaintiff began this action on the supersedeas bond filed in that case. conditioned for the payment of "all costs and damages that shall be adjudged against said appellant on this appeal," and alleged, among other things, that during the pendency of the appeal Edwards continued in the practice of medicine in the same locality, and that by reason thereof the plaintiff sustained damages in the sum of one thousand, five hundred dollars. All the averments of the petition with reference to this item of damages were stricken therefrom, on motion

of the defendants, because "no recovery for said damages is provided for in the conditions of said appeal bond, and no legal recovery can be had for such damages." The plaintiff elected to stand on this ruling, and, having taken judgment on other items included in the bond, appeals.

This order may be upheld on either of the two grounds: (1) The damages were not covered by the bond, and (2) were not occasioned by the appeal. Liability cannot be extended beyond the terms of such an instrument. *Jayne v. Drorbaugh*, 63 Iowa, 711. See *Noyes v. Granger*, 51 Iowa, 227; 1 Enc Pl. & Prac. 1015, and notes. Damages adjudged on appeal, and not such as result from a violation of the writ of injunction, are those contemplated by the bond. An appeal or stay does not vacate or affect the judgment appealed from. Code 1873, section 3186. The decree perpetually enjoining Edwards from engaging in the practice of medicine at Woodbine and vicinity was not vacated or suspended by the appeal, or the filing of the bond. *Lindsay v. District Court*, 75 Iowa, 509. See *Allen v. Church*, 101 Iowa, 116, 2 Enc. Pl. & Prac. 326. If he did as alleged, he was guilty of contempt of court, and all the provisions of law for enforcing obedience might have been resorted to by the plaintiff as freely after as before the filing of the bond. The damages, if any, were occasioned, not by reason of, but in spite of, the procedure and orders of the court.—AFFIRMED.