HENRY KELSO, Contestant, Appellant v. JOHN E. WRIGHT, Incumbent.

**Election Contest:** PLEADING AND PROOF: *Objection.* An answer filed by an incumbent in a contested election case charging the casting of illegal votes for the contestant in certain townships, but not setting forth the names of the persons who so voted, as required by Code 1873, section 698, if not attacked by the contestant, is sufficient for the admission of evidence of any illegal votes cast, assuming, but not deciding, that such specific statement is required in such an answer.

**BALLOTS:** *Indorsement by judges.* Under Acts Twenty-fourth General Assembly, chapter 33, sections 21, 25, providing that one of the judges of election shall endorse his initials on the ballot given to the voter, and no ballot without such indorsement shall be deposited in the ballot box, and only ballots provided in accordance with the provisions of the act shall be counted, a ballot on

which the initials of one of the judges are not endorsed should not be counted.

IDENTIFICATION MARKS. The insertion of a square in the cross opposite the name of every candidate of the two parties on a ticket, and of a cross in the circle of one party only, is not such an identifying mark as to make the ballot illegal, under Acts Twenty-fourth General Assembly, chapter 33, sections 22, 27, making the marking of any character on a ballot, for the purpose of identifying the same, punishable with fine and imprisonment; the statute now providing marking by cross in square shall not affect the validity of the vote.

Question of fact. What constitutes an identifying mark upon a ballot is a question of fact for the trial court or jury, according as the trial may be had, and the finding of either upon such question is conclusive on appeal.

RESIDENCE OF VOTER: Evidence. One locating in the state with the intention of making it his permanent home is not disqualified from voting at a general election, held a year after taking up his residence in the state, by reason of his being employed in another state for about eight months of the year without any intention of changing his residence.

SECURITY FOR COSTS: Counter charge of illegal voting. Under Code 1873, section 702, providing that the proceedings in contested election cases shall be assimilated to those in an action, as far as practicable, the incumbent in such case, who sets up counter charges of illegal voting in his answer to the statement of the contestant, is not required to give bond, under Code 1873, section 697, requiring a contestant to give bond for the payment of costs if the election is confirmed or the statement dismissed.

*Appeal from Lyon District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

THIS is a contest over the right to hold the office of a member of the board of supervisors of Lyon county. The board of contest found in favor of the incumbent. On appeal to the district court the incumbent was declared elected by a majority of one. Contestant appeals.—*Affirmed.*

*Greenleaf & Greenleaf* and *Simon Fisher* for appellant.

*Parsons & Riniker* for appellee.

DEEMER, J.—Lyon county is divided into districts for the purpose of electing members of the board of supervisors. District No. 1 is composed of four townships, to wit, Elgin, Grant, Liberal, and Midland. In his statement of intention to contest, plaintiff complained of the vote in but two of these townships, to wit, Grant and Elgin. He set out the names of the parties who he claimed voted illegally in these townships. The incumbent, in his answer, stated that illegal votes were cast for contestant in Midland and Liberal townships, but that he did not know the names of these illegal voters. Section 698 of the Code of 1873, which was in force when these proceedings were had, reads as follows: "When the reception of illegal, or the rejection of legal, votes is alleged as a cause of contest, the names of the persons who so voted, or whose votes were rejected, with the precinct where they voted, or offered to vote, shall be set forth in the statement." At the trial, incumbent was permitted to introduce evidence of an illegal vote cast by one Wheatley in Midland township. This is claimed to be error, because the incumbent did not, in his answer, give the name as one of the persons who had voted illegally. One of the ballots introduced by contestant was not indorsed with the initials of a judge of election, nor did the names of any of the judges of election appear thereon. This ballot was rejected by the court, and of this complaint is made. It is claimed that one Miller, who voted for incumbent was not a qualified voter. One of the ballots was marked as follows:

REPUBLICAN.           DEMOCRATIC.

| For Clerk of District Court. | For Clerk of District Court. |
| [X] H. A. NICHOLS. | C. W. KEMP. [X] |
| For County Attorney. | For County Attorney. |
| [X] SIMON FISHER. | LOUIS VOGT. [X] |

It is claimed that the marks thereon are capable of being used for the purpose of being identified, and that it should not have been counted. Incumbent asked for and procured a recount of the votes cast in Liberal and Midland townships. This is said to be error, because incumbent did not name the persons who had voted illegally, and did not file a bond, as required by sections 697 and 698 of the Code of 1873. Of these questions in order.

I.   The statute we have quoted with reference to what the statement of contest must show seems to have reference to the paper filed by contestant as the basis for his proceedings. Whether it applies to the answer filed by the incumbent may well be doubted, but the point need not be decided, for the reason that the answer filed by incumbent was not attacked in any manner, and was evidently treated as sufficient. But, whether so treated or not, it was sufficient, in the absence of attack, to justify the rulings made by the court in admitting the evidence as to Wheatley's qualifications. Indeed, no objection or exception seems to have been taken to the action of the court in receiving the evidence.

II.   Section 25 of chapter 33 of the Acts of the Twenty-fourth General Assembly provides that "no ballot without the official endorsement shall be allowed to be deposited in the ballot box, and none but ballots provided in accordance with the provisions of this act shall be counted." Section 21 of the same act provides that one of the judges shall give to the voter one, and only one, ballot, on the back of which such judge shall indorse his initials in such manner that they may be seen when the ballot is properly folded. It is manifest that the ballot which did not bear the indorsement of the judges should not be counted. *Cook v. Fisher,* 100 Iowa, 27, is not in point, for the reason that the statute we are considering says that no ballot not bearing the official indorsement shall be deposited in the ballot box or counted. Section 1122 of the Code was not in

force at the time the election was held that is now being contested, and hence contestant can derive? no benefit therefrom. The evidence as to the qualification of Miller satisfies us that the court committed no error in holding that he was a qualified voter. He came to Lyon county August 28, 1895, remained until October 30, 1895, when he went to Carroll county, Illinois, where he worked until July 23, 1896, when he returned to Lyon county, where he remained until November 13, 1896. The election was held in the fall of 1896. He further testified that it was his intention when he came to Lyon county to make it his permanent residence, and that he did not intend to abandon it as a place of residence when he returned to Illinois. Surely, he was a qualified elector when he voted at the general election in the year 1896. What constitutes an identifying mark upon a ballot is generally a question of fact for the trial court, and its finding, or the finding of a jury, if the case is submitted to a jury, is conclusive on appeal. The marks made on the ballot complained of were all such as the statute contemplate; that is, they were crosses placed inside the circle or the squares, and the finding of the court that they did not constitute identifying marks cannot be disturbed. *Voorhees v. Arnold,* 108 Iowa, 77. Moreover, section 22 of the Acts of the General Assembly before referred to expressly says that the unnecessary marking of a cross in a square below a marked circle shall not affect the validity of the vote. Sections 22 and 27 of the same law direct as to how such a ballot shall be counted. See, also, *Whittam v. Zahorik,* 91 Iowa, 23.

The last point made by contestant does not seem to have been presented to the trial court. If it had been, the assigned error would be without merit, for the reason that incumbent is not required to give bond. Section 702 of the Code of 1873 provided that the proceedings in contest cases should be assimilated to those in an action so far as practicable. Surely, a defendant is not, as a

general rule, required to give bond in order to make his defense. That an incumbent may meet the case made by contestant by showing that the illegal votes counted for him were without prejudice because of illegal votes cast for contestant, is ruled by *Voorhees v. Arnold, supra.* By so doing, he does not become a contestant, but merely meets the case made by his adversary. There is no error in the proceedings, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.