IN RE ASSIGNMENT OF P. M. JENKS, JUDGE AND NORTON, CLAIMANTS, Appellants, v. SMITH, LICHTY & HILMAN CO. ET AL.

Assignment for benefit of creditors: ENFORCEMENT OF CONDITIONAL SALE TO ASSIGNOR. A conditional sale of property to one who subsequently makes an assignment for the benefit of creditors, may be enforced against the assignee and the general creditors of the estate.

Appeal. One in whose favor a judgment is rendered cannot appeal from the findings of fact upon which it is based.

*Appeal from Buena Vista District Court.*— HON. A. D. BAILIE, Judge.

WEDNESDAY, DECEMBER 13, 1905.

ACTION at law to establish a claim, and to have applied thereon the proceeds of certain property sold by the assignee. Judgment for the defendants, from which the plaintiffs appeal.— *Reversed.*

*Mack & De Land,* for appellants.

*F. F. Faville* and *I. W. Bane,* for appellees.

SHERWIN, C. J.— P. M. Jenks made a general assignment for the benefit of his creditors, and his assignee converted the property into cash. A portion of the property so sold was an icehouse with ice and tools. The appellants, Judge and Norton, claim the entire proceeds arising from the sale of this particular property, and base their claim on the following facts: Before the 3d day of June, 1903, Jenks was indebted to them about $1,200, which was evidenced by his notes. On June 3d these notes were surrendered to

Jenks, and new ones executed and delivered to the plaintiffs in place thereof, together with a bill of sale of the property in question. At the same time the plaintiffs executed and delivered to Jenks a contract agreeing to reconvey the property to Jenks upon payment of the notes. Neither the bill of sale nor the contract was recorded, and Jenks retained possession of the property until it passed into the hands of his assignee under the assignment.

The appellees are general creditors of Jenks, and contested the appellants' claim to the fund, on the ground that the transaction was fraudulent because the bill of sale was in fact a mortgage given to secure a debt and was withheld from record by agreement. The case was tried to the court without the intervention of a jury, and a special finding was made that there was an absolute sale of the property to the plaintiffs, made in good faith, and that there was no agreement or understanding that it was given or accepted as security for the debt due the plaintiffs. The court also found that there was no agreement or understanding that the contract should not be recorded.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS: enforcement of conditional sale to assignor.

These findings of fact are conclusive, as we shall hereinafter show; and, such being the case, the judgment of the court is clearly wrong. If the transaction was without fraud, and was in fact what it purported to be, viz., an absolute sale of the property to the plaintiffs and a conditional sale thereof back to Jenks, then the assignee acquired no better title to the property than Jenks, his assignor, had, and the contract can be enforced against him. *In re Wise,* 121 Iowa, 359, and cases cited therein.

But the appellees say that if the plaintiffs did in fact own the property, but executed the conditional contract with an agreement that it be withheld from record, it would defeat their action, because it operated as a fraud on the creditors. Under the finding of the court, however, that there was no such agreement, the argument is without force.

The appellees further claim that the bill of sale is a mortgage only, and that the transaction cannot be controlled by the cases cited, for that reason. But here, again, the finding of the trial court robs the argument of all potency. Moreover, there is no evidence in the record tending to show that the appellees became creditors of Jenks on the strength of his ownership of the property. He was doing a general mercantile business, and the appellees sold him goods which went into that business. Nowhere in the record is there evidence of any connection between such business and the ice business.

The defendants have appealed from the court's finding of facts, and the appellants move to dismiss such appeal and to tax costs, etc. The motion must be sustained.

2. APPEAL.

An appeal will not lie from a finding of fact or law which does not prejudice a party. The judgment being in favor of the defendants, they were not prejudiced by the finding of facts, however erroneous. *Boyce v. Wabash Ry. Co.,* 63 Iowa, 70; *Shannon v. Scott,* 10 Iowa, 629. On the finding of facts, there should have been a judgment applying the fund in question towards the payment of the plaintiffs' claim. The case is therefore reversed and remanded.

*Reversed.*