D. D. STEVENS, Appellant, v. CHARLES D. CARROLL, Treasurer of Linn County, Iowa, and THE FIDELITY AND DEPOSIT CO. OF MARYLAND, Appellees.

Principal and surety: DISCHARGE OF SURETY. A judgment absolving a county treasurer from liability for a wrongful act is a bar to an action againt the surety on his official bond for the same act.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

TUESDAY, JANUARY 16, 1906.

Rehearing denied Friday, June 29, 1906.

ACTION at law against the defendant Carroll, county treasurer, and the surety on his official bond, for the wrongful and malicious collection of certain taxes from one E. F. A. Stevens, which taxes, it is alleged, were not due or owing the county. Defendants, among other things, demurred to the petition, and their demurrer was sustained. Judgment was thereupon entered against plaintiff, and he appeals.— *Affirmed.*

*D. D. Stevens, pro se.,* appellant.

*Voris & Haas,* for appellees.

DEEMER, J.— The record is in a very confused state,
and, were we to try to untangle it, we should have difficulty
in stating the point for decision as it appears from the ab-
stracts.    We have concluded, therefore, to decide the ques-
tion which appellant has presented in his brief, taking
him at his word that this is the only proposition involved.
It is this:    Plaintiff brought action against the county treas-
urer alone for damages for the wrongful, unlawful, and
malicious assessment of his property for the years 1901 and
1902.    Defendant in that suit demurred to the petition, and
his demurrer was sustained; judgment being rendered
against plaintiff for the costs of suit. ' Thereupon plaintiff
in that action appealed to this court.    Before the case
reached us plaintiff commenced this action against the county
treasurer and the surety on his official bond for the same
wrongful and malicious act complained of in the prior suit,
and afterward dismissed his action against the treasurer,
leaving the action pending against the surety company alone.
The surety company pleaded the judgment in the former case
as a bar to this action, and that plea was held sufficient.
From this ruling plaintiff appeals.

The question is:    Is a judgment that a principal is not
indebted to his creditors such an adjudication that his surety
may rely thereon, although not made a party to the original
suit?    We shall take it for granted that the judgment in
the original suit, although appealed from, was valid and in
full force and effect when this case was tried.    Such seems
to be the universal holding.    *Hackett v. Freeman,* 103 Iowa,
296; *Watson v. Richardson,* 110 Iowa, 700.    Moreover, when
the case reached us on appeal, the judgment was affirmed.
130 Iowa, 463.    This, then, is an adjudication that
there was no liability on the part of the principal, the county

treasurer, to the plaintiff. Notwithstanding this, may plaintiff relitigate that question in an action against the surety on the treasurer's official bond? Manifestly the answer must be, "No." Even if the defendant company were an ordinary surety, plaintiff could not maintain this action. *Beh v. Bay et al.,* 127 Iowa, 246. Whatever of doubt there may be regarding the correctness of this proposition, as applied to ordinary negotiable instruments, disappears when we remember that this is an action on an official bond. An adjudication in such a case that the official has not been guilty of any dereliction of duty is certainly binding upon the so-called creditor, and may be pleaded by the surety. Black on Judgments, sections 586–589; *Bank v. Ketchum,* 66 Wis. 428; *Dennie v. Smith,* 129 Mass. 143; *Brown v. Bradford,* 30 Ga. 927; *Chapman v. Smith,* 16 How. 114, 14 L. Ed. 868.

There are many other reasons for affirming the judgment; but, taking the case in its most favorable aspect for plaintiff, there appears to be no error in the rulings of the trial court.

The judgment is therefore *affirmed.*