T. W. JEFFERSON, Guardian of S. S. JEFFERSON, of unsound mind, Appellee, v. GEORGE L. RUST, Appellant, and T. F. McCAFFERY, Sheriff, Appellee.

**Appeal:** MODIFICATION OF DECREE: EXECUTION: INJUNCTION. Where 1 the Supreme Court modifies the decree and remands the case for entry of judgment in conformity with such modification an execution under the original decree should not issue; and if issued its enforcement will be enjoined in a subsequent action for that purpose.

**Same:** OCCUPYING CLAIMANTS: RIGHT TO BE HEARD. Where a con- 2 veyance to defendant has been canceled by decree of court the grantee is entitled to have his petition as an occupying claimant, involving questions of improvement and other charges, considered and passed upon before being put out of possession.

**Same:** APPEALABLE ORDERS. An appeal lies from an order denying 3 an application to continue an injunction restraining the enforcement of an execution and sustaining a motion to discharge the temporary order recalling the execution.

*Appeal from Pottawattamie District Court at Avoca.*—HON. E. B. WOODRUFF, Judge.

TUESDAY, APRIL 9, 1912.

PROCEEDINGS to enjoin plaintiff from executing or enforcing a judgment for the possession of certain real estate. A temporary writ or restraining order was issued

which was dissolved upon motion, and plaintiff's demurrer to defendant's petition for the restraining order was sustained. Defendant Rust appeals.—*Reversed* and *remanded*.

*Dudley & Coffin,* for appellant.

*Turner & Cullison,* for appellee.

DEEMER, J.—The proceeding grew out of the case of *Jefferson v. Rust,* which was heretofore in this court upon appeal; the opinion being found in 149 Iowa, 594. In that opinion, among other things, we said: "Defendant made some improvements upon the property and had paid taxes and other charges thereon, and has personally obligated himself to pay the mortgage now standing against it. These matters were not adjudicated by the trial court for the reason, we suppose, that plaintiff dismissed his action in so far as it involved an accounting for rents, profits, etc. We need not do more at this time than to say that defendant's claims, if he had any, for improvements, taxes, etc., should not be regarded as determined in this suit. Neither should plaintiff's rights to an accounting. These matters are, therefore, expressly reserved for further determination in a proper action." The concluding part of the opinion was: "As thus modified, the decree will be affirmed, and the case will be remanded for this modification. Appellant, however, will pay the costs of this appeal. Modified and affirmed." Pursuant to this order, a *procedendo* issued to the district court in due course, in which reference was made to the modification, and the said court was directed to proceed as if no appeal had been taken. This was filed in the district court on March 27, 1911. The next term of the district court at Avoca where the original action had been brought commenced on April 11 of the same year, so that no order could be made on the *procedendo* until the sitting of that court for its April

term. In the meantime, and on or about the ————day of March, 1911, a special execution or writ for possession issued out of the district court at Avoca at plaintiff's request, and the same was placed in the hands of defendant McCaffery as sheriff for service. Thereupon, and on April 7, 1911, defendant Rust filed his application for a restraining order, alleging the facts above recited, and also averring that he was entitled to be heard in the district court upon the question of improvement, and entitled to have the original decree modified or at least an accounting had for taxes and other charges against the land paid by him before final decree was entered in the district court. He also averred that he was about to file a petition under the occupying claimant's act, and would do so in time to have the same considered at the April term, and he asked that the execution and writ for possession be recalled. A temporary restraining order was issued in vacation, and the matter was set down for hearing at the coming April term. On April 11th, defendant Rust filed a motion to continue the restraining order, to which plaintiff filed objections, and on the 12th of the same month defendant Rust filed his petition as an occupying claimant. Plaintiff filed a demurrer to defendant's application for a restraining order, but made no attack upon the petition filed by Rust under the occupying- claimant's act. Upon these pleadings, the whole matter was submitted to the district court resulting in an order denying Rust's application to continue the restraining order and sustaining plaintiff's demurrer and motion to discharge the temporary order recalling execution. The appeal is from these rulings.

The record does not disclose that any order was ever made by the district court pursuant to the order of this court modifying the decree, and remanding the case on the original appeal, and no attack has as yet been made upon defendant Rust's petition under the occupying claimant's act. The special execution or writ of possession was

issued upon the original decree from which the main appeal was taken before any modification was entered pursuant to the order of this court, and, so far as shown, the modification has not yet been entered of record in the district court. Notwithstanding these facts, plaintiff is proceeding as if the original decree had been affirmed without any modifications, and seeking to enforce an execution issued upon a decree which this court ordered modified to the extent hitherto stated. The effect of this modification was to supersede to that extent at least the original decree, and, until this modification was carried into effect pursuant to the order of this court, the decree originally entered by the district court was not a final one, and no execution should have been issued thereon. The district court did not enter the orders appealed from until after Rust had filed his petition under the occupying claimant's act, and no attack had then been made on this petition. In many of its aspects this case is like *Kelley v. Chicago, B. & Q. R. R.*, 154 Iowa, 87. Indeed, we think the principles there announced are controlling here. Until final decree in the district court modified as directed by this court on appeal, no execution should have issued. Defendant Rust was entitled to whatever advantage was given him by reason of the modification of the original decree, and no execution should have issued in advance of the final decree after remand to the district court. See, also, as somewhat in point, *Miller v. Kramer*, 154 Iowa, 523.

*1. APPEAL: modification of decree: execution: injunction.*

The question as to whether or not defendant Rust was entitled to file a petition under the occupying claimant's act could not well be determined upon such proceedings as were here instituted, nor is there anything of record indicating that his right to do so was challenged. True, plaintiff's counsel in argument suggest that Rust was not entitled to file such a petition; and for this reason that the

orders made by the trial court from which this appeal was taken should be sustained. But we are not justified in so treating this matter. The difficulty with the orders made by the district court is deeper seated than this. Here an execution issued upon a decree which was not final, when the execution issued. The trial court was directed by this court to modify the original decree, and, until that modification was entered, no execution should have issued. The *procedendo* from this court was on file when the execution issued, but no order had been made thereon. The decree was in abeyance until the final order was entered. Before any final order was entered, defendant Rust had filed the petition hitherto indicated, and the case stood upon the order contained in the *procedendo* and the papers filed by Rust. Whether or not these were permissible is not before us for decision at this time. Had there been nothing filed by Rust, no execution should have issued until the original decree became a finality by modification as ordered by this court. No decree was entered by this court. On the contrary, there was an express order of remand for a decree in the district court.

Defendant Rust was entitled to have his petition as an occupying claimant considered and passed upon in the usual method before being put out of possession. It may well be doubted whether he could have filed 2. SAME: occupying claimants: right to be heard. his petition had he been put out of possession under the execution. *Lindt v. Uihlein,* 116 Iowa, 49. That defendant Rust was entitled to have his claims considered in the regular way, see: *Strabala v. Lewis;* 80 Iowa, 510; *Dunton v. McCook,* 120 Iowa, 444. The views already expressed find ample support in *Hogle v. Smith,* 136 Iowa, 32; *Miller v. Rosebrook,* 144 Iowa, 158; *Lindt v. Uihlein, supra.*

Plaintiff's main contention is that Rust was not entitled to file a petition as an occupying claimant. As already indicated, we do not think this question was before

the district court; but, if it was, it was not presented in such a manner as that it should have been decided. The situation is just this: An execution was issued upon a decree which was not final, but which stood as if no decree had been entered, and at the time the rulings in question were entered, not only was there no final decree, but it also appears that there was then on file and unchallenged a petition under the occupying claimant's act.

In our opinion the execution should have been recalled and enforcement thereof withheld until final decree was entered, and the petition under the occupying claimant's act disposed of in the regular way. The rulings made by the district court were appealable. See Code, section 4101, par. 3, and cases cited.

3. SAME: appealable orders.

The orders must be, and they are, each and all reversed, and the cause remanded for such rulings as accord with this opinion.—*Reversed* and *remanded*.