STATE OF IOWA, Appellee, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF PALO et al., Appellants.

**APPEAL AND ERROR:** Dissolution of School District. An appeal
1 from an order of court dissolving a school district organization is not triable *de novo*.

**ELECTIONS:** Erasure of Ballot Mark. A ballot will be treated as
2 blank when the voting mark is almost completely erased.

**APPEAL AND ERROR:** Points Presentable by Nonappellant. An
3 appellee, *without presentation of error points*, may show, if he can, that he was so erred against as to entirely neutralize any errors against appellant. So held in an election contest.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

APRIL 6, 1920.

THE trial court dissolved said district. The question is whether, upon the consideration of such ballots as were legal, there was, in fact, a majority for dissolution.—*Reversed.*

*Voris & Haas,* for appellants.

*C. W. Meek, Treichler & Treichler,* and *E. A. Johnson,* for appellee.

SALINGER, J.—I. Whether the district has been lawfully dissolved can be decided here only upon what is, in a sense, a recount. In making such recount, we must proceed under the following limitations: (a) The review is not *de novo*. (b) Where the question whether a mark constitutes an objectionable identification is a doubtful question, the finding below on that point has the standing of a verdict. (c) The successful party may, without appealing or assigning errors, save the judgment by showing that er-

1. APPEAL AND ERROR: dissolution of school district.

rors were committed against him below which, if corrected, will make the result reached below a right result. *Voorhees v. Arnold,* 108 Iowa 77. And see *Kelso v. Wright,* 110 Iowa 560, at 565; *Royer v. King's Crown Plaster Co.,* 147 Iowa 277, 281; *Eisentrager v. Great Northern R. Co.,* 178 Iowa 713, at 720; *Ford v. Dilley,* 174 Iowa 243, at 247; *Campbell v. Park,* 128 Iowa 181.

II.   We have the ballots certified to us. One ballot indicates that, at one time, a mark against dissolution was made thereon. That mark is almost completely erased. We think it should not be counted either way.

**2. ELECTIONS: erasure of ballot mark.**   Eighty-six ballots were cast for dissolution. Appellant contends the court should have excluded eight of these, designated in the record as Exhibits A, B, C, D, E, G, H, and I. We have examined these ballots, and, for a reason presently to be stated, and, indeed, on the merits, we will assume that we are not justified in interfering with the finding made by the trial court that they should be counted. This makes it unnecessary to deal with practice points urged by appellee. So far, the tally for dissolution stands 86. Exhibits 4-c and 4-d are 2 ballots cast against dissolution which the court rejected for having objectionable identification marks. We are constrained to hold that these 2 ballots are no more objectionable on that score than several of the 8 which the court counted. And we hold that, under *Voorhees v. Arnold,* 108 Iowa 77, we must count these 2 ballots, on the merits. With 90 others cast against dissolution, the tally against dissolution then stands at 92. If, then, the judgment that the district has been dissolved may stand, the warrant for sustaining the same must be found in something not yet spoken to.

**3. APPEAL AND ERROR: points presentable by nonappellant.**

The appellee concedes that 86 votes are the maximum cast in favor of dissolution. Appellant contends that the

vote of Martin G. Clark should have been deducted. If we hold against this contention, the vote for dissolution remains 86. We have found that, on the face of the returns, the vote against dissolution totaled 92. The appellee contends the court rightly excluded the following ballots, cast against dissolution: Schnell, Bears, Ed. Kreutzer, William Kreutzer, John Henry Kreutzer, and J. J. Kocher. Suppose we held there was no error in rejecting these ballots. That would make the total against dissolution 86. Having now assumed that every challenge made by appellants, either as to reception or exclusion, is not well taken, yet the vote is a tie. It follows the trial court erred in holding that the district had been dissolved by the vote at the election, and its judgment must, therefore, be reversed.— *Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.