LOUISE DURO SHAW, Appellee, v. EVELYN IRENE DURO ADDISON, Executrix (and individually), Appellants.

No. 46675.

MAY 8, 1945.

REHEARING DENIED SEPTEMBER 22, 1945.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellants.

Paul W. Steward and Holliday & Myers, all of Des Moines, for appellee.

BLISS, J.— The judgment sought to be vacated was entered in a proceeding brought by the plaintiff to set aside the probate of her father's will upon the ground, among others, that its execution was procured by the undue influence of the defendant Addison, a sister of the testator. The trial was begun January 25, 1943, and the jury returned a verdict for plaintiff February 20, 1943, on which judgment was entered April 5, 1943. This court affirmed the judgment May 2, 1944, Shaw v. Duro, 234 Iowa 778, 14 N. W. 2d 241. On September 26, 1944, de-

fendants filed in this action in the court below the petition before us "to vacate the final judgment in this cause and to grant a new trial." After reciting the chronology of the matters of record in the district court, the petition alleged:

"Par. 11. That these defendants allege that the verdict and judgment entered thereon were obtained by irregularity and fraud practiced in obtaining the same in the following particulars, to-wit: That one Beatrice Kinser [erroneously listed as Beatrice Kinzer on the jury panel] * * * was selected to act as one of the jurors in this cause * * * that the husband of said juror, by name Merida Kinser, was unemployed and attended every day during the trial of said case which lasted several weeks; that some time before the arguments started, and before the case was submitted to the jury, the said Merida Kinser * * * and Paul W. Steward, attorney for * * * plaintiff, entered into a bet wherein the said attorney bet said juror's husband the best hat the Utica had that he, the attorney, would lose the case; that the juror spent the night after making said bet, as usual, with his wife, the said juror; that subsequently thereto, after arguments of counsel and instructions of court, said jury retired for its deliberations and rendered a verdict for the plaintiff, causing said attorney to lose his bet; that said attorney paid the bet the following Monday morning with two five dollar bills; that attached hereto, marked Exhibit 'B,' and made a part hereof * * * is the affidavit of Merida Kinser * * * ."

The petition also alleged that defendants could not have discovered this matter earlier with reasonable diligence and learned of it only accidentally after May 2, 1944.

The affidavit, sworn to in Omaha, August 28, 1944, where affiant was about to take up his permanent residence, stating that his wife was a juror in the Duro case, continued:

"That I was in the Court House every day during the January term of court, being at that time unemployed, and after the jury was impanelled in the aforementioned case, I was in the Court Room every day and listened to the testimony. At that time my wife, BEATRICE KINSER, and I were living together and we would at times go downtown together and home together.

PAUL W. STEWARD, Attorney at Des Moines, Iowa, represented the plaintiff * * * and John Gillespie, represented the defendant * * * After lunch on Thursday, February 18, 1943, I went back to the Polk County Court House, and in the elevator ran into Paul W. Steward, and we had the following conversation: I just made the remark, 'You've got the old maid whipped.' He said, 'What makes you think so?' and I said that it's strong enough that I'll bet the best hat that Utica's got. He said 'Well, it's worth several hats if I can win it.'

"After Court was over on this Thursday, I went home and my wife and I had dinner together and we came down to the Court House the next morning together. To the best of my recollection, the arguments started on Thursday, continued on into Friday, and the jury was instructed about 4 o'clock Friday afternoon, February 21, 1943. The jury returned a verdict for the plaintiff, and about 7 o'clock Friday night I called Mr. Steward at his office and said, 'Well, I won my bet, didn't I?' He said, 'Come on down in the morning and collect your money,' and I said, 'I can't come tomorrow, I'm working,' and he said, 'Well, come in the first time you're down.' I went down Monday morning to his office in the Valley Bank Building, and Mr. Steward gave me two $5.00 bills to buy my hat. I bought it and still have it. The trial lasted over two weeks and I was there practically every day of the trial."

Notice of filing the petition was served on plaintiff September 27, 1944.

Plaintiff's motion to dismiss the petition alleged failure to file petition within the times provided in Code section 11551, or in chapter 552:

"3. That said petition shows on its face that it was not filed nor commenced within one year from the date of rendition of the judgment and is barred under either or both Chapter 552 of the 1939 Code of Iowa and Rule 253 of the Iowa Rules of Civil Procedure."

The motion also alleged lack of diligence in discovering the matters stated in the affidavit, and ground 6:

"That even though defendants had proceeded by timely

motion or petition, said petition wholly fails to allege or show any fraud, irregularity or misconduct which would entitle them to a new trial for the following reasons:''

a. The petition and affidavit fail to show that any bet was 'made prior to the return of the verdict. b. The alleged conversation which is claimed to constitute a bet was not with any of the jurors and there is no claim or showing that the fact of the alleged bet was ever made known to any of the jurors or that it in any manner influenced the verdict. c. The petition and affidavit fail to allege or show that plaintiff's counsel knew the said Kinser was the husband of a juror. d. The petition and affidavit show the alleged conversation was not invited or initiated by plaintiff's counsel and that he merely made a joking reply to a proposal which no reasonable person could have considered seriously. e. There is no claim, allegation, or showing that the alleged bet influenced or affected the jury in any manner or degree or that the defendants were prejudiced thereby or deprived of a fair trial upon the merits. Another ground was that there was no allegation or showing of a meritorious defense or that a retrial would accomplish a different result.

By reference the defendants made the entire record and proceedings in the trial in the district court in the will contest and on the appeal in this court a part of their petition.

The petition does not expressly show on its face whether it is at law or in equity, or under what Rule of Civil Procedure or section of the 1939 Code, if any, it was filed. The filings in this court are designated as at law. It is argued by appellee in this court, and it is not denied by appellants, that the only contention made by the appellants in the district court was that the petition was at law and was so drawn and filed, and was timely, because, as they claimed, the year of limitation began not on the rendition of the judgment in the district court but on the affirmance of the judgment in the supreme court. In other words, their only contention in the district court was that the final judgment was that of the supreme court. The ruling of the district court clearly indicates that this was the contention of the appellants.

In their printed opening argument in this court appellants assign and rely upon two errors of the trial court for reversal.

1. The first one is that: "The court erred in holding that the petition * * * was not filed within one year from date of final judgment."

As already noted, the judgment in the district court was entered April 5, 1943, and was affirmed in this court on May 2, 1944, and the petition to vacate was filed September 26, 1944, more than a year after the entry of judgment below and less than a year after its affirmance. They insist that the affirmance constituted the final judgment, and they file the petition in the district court to vacate the so-called judgment of the supreme court.

The judgment of the district court was entered prior to the time the new Rules of Civil Procedure were effective, and at a time when sections 12787 et seq. of the 1939 Code were in force, while the petition to vacate was filed after the said new Rules took effect. The statutes should perhaps be considered as governing except as to the manner of procedure provided by Rules 252 and 253. The matter is of little or no importance as the Code sections and the Rules noted are, in substance and effect, the same.

Appellants concede that this court has held contrary to their contention, in Gray v. Coan, 48 Iowa 424, 425. In that case the court was construing sections 3154 to 3157, inclusive, of the Code of 1873, which correspond to sections 4091 to 4094, inclusive, of the Code of 1897, and to sections 12787 to 12793, inclusive, of the Code of 1939. In the cited case, the decree in the lower court was entered March 6, 1874. It was affirmed April 7, 1875, and the petition to vacate was filed February 17, 1876. The court, after referring to these dates, said:

"The plaintiff is, therefore, too late, and a demurrer to his petition was correctly sustained. But plaintiff insists that the limitation of one year provided by the statute for this proceeding, runs from the date of judgment of this court affirming the decree of the court below. Plaintiff asks for a new trial, not in this court, but in the court from which the appeal was taken. The judgment which he seeks to set aside was entered more than one year before his petition was filed. The statute provides that his petition shall be filed within one year after the judgment was

entered which he seeks to disturb by his proceeding. This ends the matter, and leaves plaintiff without any right to prosecute his case."

The conclusion of the court and its construction of the statutes are sound, but a reason mentioned in the following paragraph of the opinion, in support of its decision, is not sound. The reason as stated is:

"The plaintiff, by taking his appeal, admits that the judgment is final, and thereupon waives his right to prosecute this proceeding for a new trial."

This court has held that an appeal from a judgment does not deprive the appellant of his statutory right to petition for a vacation of that judgment and a new trial if his procedure is timely. Cook v. Smith, 58 Iowa 607, 608, 12 N. W. 617; Chambliss v. Hass, 125 Iowa 484, 487, 101 N. W. 153, 68 L. R. A. 126, 3 Ann. Cas. 16; Kenwood Lbr. Co. v. Armstrong, 197 Iowa 1239, 1243, 198 N. W. 521; Rauch v. Des Moines Elec. Co., 206 Iowa 1155, 1156, 221 N. W. 788. Appellants also argue that "Under the present rules and the statutes, as set out in Code of 1939, the final judgment or order is the decision of the Supreme Court and not the verdict, judgment or order of the lower court." We do not so read the pertinent sections—12789 et seq.—nor Rules 252 and 253. There is no difference of any materiality in the language or meaning of these sections or rules from those of the corresponding sections in the Codes of 1873 and 1897.

Appellants urge that the case of Bevering v. Smith, 121 Iowa 607, 96 N. W. 1110, gives some support to their contention. The decision in that case is of no aid to them. It construed another section of the Code—section 4205, Code of 1897 (section 12255, Code of 1939)—which applies *only* to actions for the recovery of real property. It is to be liberally construed, and the section provides that under it a new trial may be granted "although the grounds required for a new trial in other cases are not shown." In fact, the language in 121 Iowa 613, 96 N. W. 1112, is more favorable to appellee than to the appellants. The section is specifically limited to "cases provided for by this chapter." Hinman v. Sage, 213 Iowa 1320, 1322, 241 N. W. 406,

407. See, also, Selby v. McDonald, 219 Iowa 823, 830, 831, 259 N. W. 485.

While the question of whether the affirmance of a judgment by this court was the final judgment under the Code sections and Rules of Civil Procedure above referred to, rather than the judgment appealed, was not expressly passed upon in Kern v. Woodbury County, 234 Iowa 1321, 1323, 14 N. W. 2d 687, 688, it necessarily follows from the decision, which construed Rule 253 of the Rules of Civil Procedure, that final judgment under the Rule was the judgment of the district court and not the affirmance thereof by the supreme court. Appellants have cited no authority which sustains their first assignment of error, and a search of our Reports has disclosed none. The decisions of this court touching the matter indicate the contrary. Rule 337(c) of the new Rules of Civil Procedure provides that, "No appeal [or stay] shall vacate or affect the judgment or order appealed from." Section 12861, Code of 1939, which said Rule superseded, likewise so provided. It is fundamental that a judgment of the district court which is unreversed and not set aside *"is conclusive and final until set aside on appeal."* Scott v. Wilson, 150 Iowa 202, 207, 129 N. W. 812, 814. "The judgment remains in full force for all purposes,—subject only to determination on appeal, until which time process thereon may be suspended. * * * [It] is *res adjudicata* until set aside, modified, or reversed." Watson v. Richardson, 110 Iowa 698, 700, 701, 80 N. W. 416, 417, 80 Am. St. Rep. 331. *"The filing of an opinion by this court does not constitute a decree * * * ."* State v. Harrison, 159 Iowa 67, 70, 71, 140 N. W. 223, 224. "The affirmance was merely a ratification of what had been done in the lower court, and left the parties in precisely the same situation as though no appeal had been taken. * * * Under our practice a new decree is not entered in the Supreme Court *upon affirmance*, but that of the lower court confirmed * * * ." Dunton v. McCook, 120 Iowa 444, 447, 94 N. W. 942, 943. "And upon affirmance the order stands ratified and confirmed as originally entered, *and the rights of the parties necessarily relate back to that time."* Hendryx v. Evans, 120 Iowa 310, 315, 94 N. W. 853, 854.

See, also, Hackett v. Freeman, 103 Iowa 296, 300, 72 N. W.

528; Lindsay v. Clayton Dist. Ct., 75 Iowa 509, 512, 39 N. W. 817; Cole v. Edwards, 104 Iowa 373, 374, 73 N. W. 863; Jefferson v. Rust, 155 Iowa 133, 137, 135 N. W. 613; Higgins v. Higgins, 204 Iowa 1312, 1314, 1315, 216 N. W. 693; Partridge & Co. v. Harrow, 27 Iowa 96, 99, 99 Am. Dec. 643. See, also, Stevens v. Carroll, 131 Iowa 170, 171, 105 N. W. 653, 654, where the court said: "Moreover, when the case reached us on appeal, the judgment was affirmed." Likewise, in this case the judgment was affirmed. Under the above authorities there never was a judgment in the supreme court. There was but one judgment: that of the district court. Necessarily it was the final judgment.

The trial court was right in sustaining the third ground of the motion to dismiss and holding that the petition was not filed within the year following the rendition of the final judgment.

II. The second error assigned by appellants is as follows:

"The court erred in failing to hold that fraud extrinsic and collateral to the matter involved in the original suit is not a sufficient ground to set aside a judgment even though the action was not instituted within one year from the entry of the original judgment in the lower court."

Here appellants change their position and insist that the same petition which they contend was at law in the first division of their argument, and brought under Rules 252 and 253, was in fact a petition in a suit in equity seeking to vacate the judgment under the broad general powers of a court of equity, independently of said Rules. They have, however, entitled the proceeding as at law in the original action, as we have held it must be in a proceeding under such statutory provisions. McKee v. National Travelers Cas. Assn., 225 Iowa 1200, 1202–1204, 282 N. W. 291; Bates v. Farmers L. & Tr. Co., 227 Iowa 1347, 1353, 291 N. W. 184. "Such an action is to be distinguished from an application for new trial in the original suit." Wood v. Wood, 136 Iowa 128, 135, 113 N. W. 492, 495, 12 L. R. A., N. S., 891, 125 Am. St. Rep. 223. The general practice in Iowa, where equitable relief is sought to set aside a judgment where the grounds therefor could not reasonably be discovered, and were not discovered, within the year after the rendition of judgment, is for

the petitioner to institute an independent action in equity against the successful party in the judgment action.

While the second assignment complains of the failure of the trial court to hold with appellants on the proposition stated in the assignment, the appellee states in argument that appellants never submitted it to that court and raised it for the first time in this court. However, appellee has consented to the submission of this assignment, and has urged as an additional ground of affirmance that appellants' petition, on its face, conceding the well-pleaded facts to be true for the purpose of the motion, has not stated a prima facie case entitling them to the relief asked, on the grounds of irregularity and fraud. We will therefore determine the matter.

It has been the uniform holding of this court that where the petitioner has not in the exercise of proper diligence discovered the fraud or other grounds upon which he relies within the year after the entry of final judgment or decree he may institute suit in equity invoking the equitable powers of the court to vacate the judgment or grant him a new trial after the time fixed in the statute for so doing has passed. But, while the proceeding is in equity, we have also uniformly held that the grounds alleged for the relief must be found among those specified in the statutory provisions noted herein authorizing the relief. Jackson v. Gould, 96 Iowa 488, 490, 65 N. W. 406; Larson v. Williams, 100 Iowa 110, 117, 63 N. W. 464, 69 N. W. 441, 62 Am. St. Rep. 544; McConkey v. Lamb, 71 Iowa 636, 638, 33 N. W. 146; Lumpkin v. Snook, 63 Iowa 515, 518, 19 N. W. 333; Mains v. Des Moines Nat. Bk., 113 Iowa 395, 400, 85 N. W. 758; Richards v. Moran, 137 Iowa 220, 227, 228, 114 N. W. 1035; Hedrick v. Smith & Reed, 137 Iowa 625, 627, 115 N. W. 226; Ruppin v. McLachlan, 122 Iowa 343, 352, 98 N. W. 153; Yocum v. Taylor, 179 Iowa 695, 699, 161 N. W. 636; Engelbercht v. Davison, 204 Iowa 1394, 1399, 1400, 213 N. W. 225; Montagne v. Cherokee County, 200 Iowa 534, 539, 205 N. W. 228; Abell v. Partello, 202 Iowa 1236, 1240, 211 N. W. 868. There is some intimation in the last-cited case that a court of equity might exercise its power even though the equity was not a statutory ground. See, also, District Township v. White, 42 Iowa 608, 613; Young v. Tucker, 39 Iowa 596, 600; Hoskins v. Hattenback, 14 Iowa 314.

■ It is also essential that the fraud be extrinsic and collateral to the proceedings and issues in the original case. Holmes v. Holmes, 189 Iowa 256, 264, 176 N. W. 691; Tollefson v. Tollefson, 137 Iowa 151, 154, 114 N. W. 631; Graves v. Graves, 132 Iowa 199, 205, 109 N. W. 707, 10 L. R. A., N. S., 216, 10 Ann. Cas. 1104; Swartzendruber v. Polke, 205 Iowa 382, 387, 218 N. W. 62.

If the allegations of appellants' petition justified their conclusion that appellee's attorney tampered with the jury and wrongfully sought to influence it or any of its members in favor of his client, to the prejudice of appellants, in our judgment it would have been fraud within the intent of section 12787 of the 1939 Code, or of Rule 252. And if it were such fraud it was extrinsic and collateral as above noted.

In Lumpkin v. Snook, supra, 63 Iowa 515, 518, 19 N. W. 333, 334, the court said:

"The term 'fraud' is used in the section in its ordinary sense, 'and it would include any act, omission, or concealment which involves a breach of legal or equitable duty, trust or confidence, and is injurious to another, and by which an undue or unconscientious advantage is taken of another.' Story's Equity Jurisprudence, § 187."

■ Viewing the petition in the light most favorable to appellants, and conceding the facts alleged therein and stated in the affidavit to be true, it is our conclusion that the appellants have not stated a case which entitles them to the relief prayed for. They have failed as a matter of law to make a prima facie case of irregularity or fraud within the contemplation of Rule 252(b) or section 12787, Code of 1939.

The attorneys for appellants in this proceeding are able lawyers. Appellee stated in both the oral and written submission that they procured the affidavit and it was not denied. They no doubt stated the facts as they were reported to them and endeavored to make as favorable a showing in the affidavit for their side of the case as was possible. They knew the important facts that would aid their case. And yet the affidavit fails to state any acquaintance between the affiant and appellee's attorney, any

knowledge that the latter knew affiant was the husband of a juror, any knowledge that he even knew who affiant was. It fails to state that the affiant ever communicated to his wife or to any other juror at any time the conversation which took place in the courthouse elevator. Surely the affiant and perhaps his wife were interrogated about these matters, and we may assume that if the answers were favorable to appellants they would have been incorporated in the affidavit. We can hardly assume that they were omitted by inadvertence. The burden was upon the appellants to plead a prima facie case. The trial court and this court should not have been required to conjecture concerning vital information which appellants had or could have obtained. It was stated in oral argument that the trial created much interest and many people were in the courtroom during the three weeks or more of the trial. The printed record of the trial was one which this court read with interest. The affiant, being in daily attendance, knew appellee's attorney, but it might be not at all likely that the attorney would know affiant. The trial was about over when the elevator incident occurred. It was apparently progressing so favorably for appellee that affiant felt very sure she would win. Under such circumstances it is hardly likely that appellee's attorney would broadcast through the courthouse that he was betting he would lose the case. He would hardly make such a bet in a public elevator. It is difficult to conceive that he thought he was making a bet. It requires a strained construction of the conversation in the elevator to say that it was a bet. It was an important case to the attorney. The estate involved in the case amounted to $75,000. It is hard to believe that he thought he was making, or intended to make, a bet that he was going to lose the case. After the verdict was returned the affiant claimed he had won the bet and the attorney paid him $10, the price of a hat, but that fact does not establish that a bet was made in the elevator. It was a thoughtless thing to do, but it falls far short of making even a prima facie case that he had any thought or purpose of trying to improperly influence the jury in favor of appellee, or that it was thereby so influenced. He did not open the conversation with affiant. He did not seek him out to make a bet or discuss the case. He simply passed off the statement of

affiant with the casual remark that it would be worth several hats to him to win the case.

The burden upon one attempting in an equity suit to set aside a judgment or decree and to obtain a new trial is a heavy one. As said in Bingman v. Clark, 178 Iowa 1129, 1136, 159 N. W. 172, 175:

"If relief is granted at all, it must be found in the broad, equitable powers of a court of equity to grant relief against unjust and inequitable judgments, and judgments against good conscience. A court of equity, in applications of this kind, does not sit as an appellate court of review. Even if the trial court committed errors, a court of equity will not interfere unless the judgment is against good conscience. There must be a concurrence of the accident complained of, or some other ground of equitable interference, and the injustice of the judgment itself. * * * A court of equity will not interfere to set aside a judgment at law in any case, until it is made reasonably to appear that the result would be other or different than that already reached, in the event a new trial were granted."

In Abell v. Partello, supra, 202 Iowa 1236, 1241, 211 N. W. 868, 870, wherein it was sought to set aside a decree in equity, we said:

"Clearly, it [a court of equity] will not exercise its power except upon a strong showing of equitable considerations."

We are familiar with the record made and the evidence introduced in the trial in the main case. It is our conclusion that the appellants have not shown themselves entitled to relief at law under Rules 252 and 253, Rules of Civil Procedure, or under section 12787 et seq. of the Code of 1939, and that there is no merit to either assignment of error. Neither are they entitled to relief in equity. It is immaterial, with respect to the result, whether the matters presented to us in Division II of appellants' opening printed brief and argument, and in their reply brief, be reviewed de novo in equity or treated as an appeal at law, for the facts pleaded in their petition charging fraud or irregularity on the part of appellee's attorney are insufficient and do not state

a case entitling the appellants to the relief for which they. prayed.

III. As above stated, appellee cross-appealed because of claimed errors of the trial court in overruling certain grounds of her motion. Since her motion was sustained on one ground and the judgment of the trial court dismissed the appellants' petition, she obtained all the relief for which she asked and to which she was entitled. She was therefore not prejudiced nor in any way aggrieved by the overruling of any grounds of her motion and consequently she was not entitled to cross-appeal because of these rulings. She could not have appealed because she was not aggrieved, and for the same reason she could not cross-appeal on the appellants' appeal. A party may not appeal from a finding of fact or a conclusion of law which does not prejudice him, however erroneous such finding or conclusion may be. A decision directly in point is Ford v. Dilley, 174 Iowa 243, 247, 156 N. W. 513, in which all members of the court concurred in holding that in such case this court had no jurisdiction to entertain the cross-appeal. See, also, Boyce v. Wabash Ry. Co., 63 Iowa 70, 74–76, 18 N. W. 673, 50 Am. Rep. 730; Jenks v. Smith, Lichty & Hilman Co., 129 Iowa 139–141, 105 N. W. 396; Commercial Nat. Bk. v. Gilinsky, 142 Iowa 178, 185, 186, 120 N. W. 476, 134 Am. St. Rep. 406; Northwestern Mut. L. Ins. Co. v. Blohm, 212 Iowa 89, 95–98, 234 N. W. 268; Creel v. Hammans, 232 Iowa 95, 98–100, 5 N. W. 2d 169. We, of course, are not holding that the successful party below may not cross-appeal if the judgment or ruling below does not give him his full relief or is prejudicial to him in some respect. The appellants did not move to dismiss the cross-appeal. But we may do so on our own motion where an appeal does not lie.

IV. But it does not follow that, though appellee cannot cross-appeal, she may not call this court's attention to the errors complained of on her cross-appeal and argue them on appellants' appeal, without cross-appeal and assignment of errors on her part. Appellants on their appeal urge that the trial court erred in sustaining ground three of the appellee's motion; the appellee is therefore entitled to submit to us and contend that if there were such error, the appellants are not prejudiced, because the motion should have been sustained; also, upon other

grounds of the motion, which the court overruled. Appellee was entitled, without appealing, to protect her judgment, of which she did not complain, by showing that on the face of the record, the error, if any, assigned by appellants, was not to their prejudice. This rule announced by the decision on rehearing, in First Nat. Bk. of Marshalltown v. Wright, 84 Iowa 728, 733, 734, 48 N. W. 91, 50 N. W. 23, has never been departed from. See Smith v. Knight, 88 Iowa 257, 278-280, 55 N. W. 189; Voorhees v. Arnold, 108 Iowa 77, 85, 86, 78 N. W. 795; Ford v. Dilley, supra, 174 Iowa 243, 247, 248, 156 N. W. 513; Taylor v. Independent Sch. Dist., 181 Iowa 544, 565, 164 N. W. 878; Eisentrager v. Great N. R. Co., 178 Iowa 713, 720, 160 N. W. 311, L. R. A., 1917B, 1245; Campbell v. Park, 128 Iowa 181, 186, 101 N. W. 861; Young v. Clark, 226 Iowa 1066, 1071, 285 N. W. 633; McCuddin v. Dickinson, 230 Iowa 1141, 1143, 1144, 300 N. W. 308; Kelso v. Wright, 110 Iowa 560, 565, 81 N. W. 805; Thompson v. Butler, 223 Iowa 1085, 1091, 1092, 274 N. W. 110; Iowa Elec. Co. v. Home Ins. Co., 235 Iowa 672, 676, 17 N. W. 2d 414, 416. In Collins v. Brazill, 63 Iowa 432, 435, 19 N. W. 338, and in Loomis v. Des Moines News Co., 110 Iowa 515, 517, 81 N. W. 790, this court held that the successful party below must appeal before it would inquire whether the lower court might not properly have also sustained the motion on grounds thereof which it had expressly overruled. This rule of these two cases has never been expressly overruled although it has been impliedly and effectively overruled by the decisions cited above. We now expressly overrule it.

The overruling of the sixth ground of her motion to dismiss is the error of which appellee most earnestly complains. Since we have already upheld her contention on this point by our holding in Division II hereof that there was no equity in appellants' petition we will discuss the matter no further. Neither is there any necessity of passing upon appellee's other assignments of error.

The judgment of the district court dismissing, at their costs, appellants' petition to set aside the judgment entered and to grant a new trial in the proceedings to set aside the last will and testament of John Heber Duro, deceased, is—Affirmed.

All JUSTICES concur.