Bruce JOHNSON, Plaintiff-Appellee,

v.

Edward M. MITCHELL and Maxine L. Mitchell, Defendants-Appellants.

Edward M. MITCHELL and Maxine L. Mitchell, Plaintiffs-Appellants,

v.

Bruce L. JOHNSON, Defendant-Appellee.

No. 91–178.

Court of Appeals of Iowa.

May 28, 1992.

Joseph R. Cahill of Cahill Law Offices, Nevada, for appellants.

Larry Curtis of Singer, Pasley, Holm, Timmons, Mathison & Curtis, Ames, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff Bruce L. Johnson owns a resort in Ontario, Canada, known as Duck Bay Lodge. Defendants Edward and Beatrice Mitchell own a nearby resort in Ontario known as Sabaskong Bay Lodge. Johnson is a resident of Iowa. The Mitchells are residents of Minnesota. Johnson operated Duck Bay Lodge from 1970 until 1983, but because of other activities did not open the lodge in 1984 or 1985. In April 1986 John-

son entered into an agreement to lease Duck Bay Lodge to the Mitchells.

At the same time, the parties entered into a second contract for the Mitchells to purchase certain boat motors from Johnson. A third contract was entered into which gave the Mitchells a purchase option for Duck Bay Lodge. As part of these agreements Johnson gave the Mitchells the customer list for Duck Bay Lodge and some advertising materials.

On May 2, 1986, the Mitchells delivered a check for $26,000 to Johnson. The check was for the 1986 rent, purchase option, and boat motors. When Johnson received the check he released the boat motors to the Mitchells. However, when Johnson attempted to negotiate the check, the Mitchells' bank in Minnesota twice refused payment due to insufficient funds.

Johnson then initiated an action against the Mitchells alleging nonpayment of check, breach of contract, conversion, and fraud. The Mitchells filed a special appearance which was denied by the district court. The Mitchells thereafter answered and participated in discovery. In August 1987 the court allowed the Mitchells' attorney to withdraw. The Mitchells then proceeded pro se. The parties made some attempts to settle the suit in the fall of 1987.

Many of the problems of this case are due to the fact that the Mitchells generally live at their resort in Canada from May to October or November. They spend the rest of their time in Minnesota. In November 1987 Johnson sent the Mitchells notice in Canada that he wanted to take their depositions. In December 1987 Johnson sent a second notice concerning the depositions to both addresses. The district court sent notice to the Minnesota address that the trial was scheduled for January 6, 1988. The Mitchells claimed they did not receive notice they were to have their depositions taken or notice of the trial. They went on vacation from December 20, 1987, to January 20, 1988.

On January 6, 1988, Johnson filed a motion for default judgment due to the Mitchells' failure to appear for their depositions. The district court reassigned the case to January 7, 1988, because of a jury trial which had not been concluded. However, later on January 6 the court held a hearing in the case. The Mitchells were not present. The court orally granted the default and asked Johnson's counsel to draw up a proposed judgment. Johnson was awarded actual damages of $127,000 and punitive damages of $75,000. The default judgment was filed on January 8, 1988. A copy of the judgment was mailed to the Mitchells' former attorney, but no copy was mailed to either their Minnesota or Canadian address.

The Mitchells did not receive notice of the default judgment until July 5, 1988, when the judgment was filed in Minnesota. They consulted an attorney in Minnesota but did nothing to overturn or vacate the judgment in Iowa. They also consulted counsel in Canada after Johnson commenced collection proceedings there.

The Mitchells did not file a petition to vacate the default judgment until January 4, 1990. They filed a motion to set aside the default judgment on February 16, 1990. The Mitchells also filed a separate petition which named them as the plaintiffs and Johnson as the defendant, asking the court to vacate the default judgment and award them damages.

The district court noted a motion to set aside a default judgment pursuant to Iowa Rule of Civil Procedure 236 must be filed within sixty days of the judgment, and a motion to vacate a judgment pursuant to rule 252 must be filed within one year after the judgment. The court found the Mitchells' attempts to vacate or set aside the default judgment were untimely. The court found the default judgment was not void because of extrinsic fraud in its procurement. The court determined there had been no violation of the Mitchells' due process rights. The court also denied the Mitchells' request for damages. The Mitchells appeal the district court's decision.

■ I. Under rule 236 a motion to set aside a default judgment due to mistake, inadvertence, surprise, excusable neglect or unavoidable casualty must be filed with-

in sixty days after entry of the judgment. *Mishler v. Stouwie*, 301 N.W.2d 744, 747 (Iowa 1981). A petition to vacate a judgment on grounds of fraud, irregularity or mistake falls under rule 252 and the time constraint of rule 253, which provides that such a petition must be filed within one year after the judgment is entered. *In re Marriage of Waggoner*, 438 N.W.2d 850, 851 (Iowa App.1989).

Clearly the Mitchells' petition, which was filed almost two years after the default judgment was entered, is untimely under either rule 236 or 252. The Mitchells are not entitled to relief under these rules of civil procedure.

II. While an application to set aside a voidable judgment must be filed within one year under rule 253, a judgment may be vacated at any time if it is void. *Holmes v. Polk City Savings Bank*, 278 N.W.2d 32, 35 (Iowa 1979). A judgment may be considered void where the court acted without or in excess of its jurisdiction. *Claeys v. Moldenschardt*, 260 Iowa 36, 40, 148 N.W.2d 479, 482 (1967). A judgment is void where it is rendered in violation of due process of law. *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982). A void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record. *Williamson v. Williamson*, 179 Iowa 489, 494, 161 N.W. 482, 485 (1917).

A. The Mitchells claim the default judgment against them is void because it was entered in violation of due process. They contend they were denied due process because the notice sent by the district court reassigning the case to January 7, 1988, was not reasonably calculated to accomplish its purpose. The Mitchells point out that notice sent by mail from Iowa on January 6 could not possibly have reached them in Minnesota in time for them to appear on January 7.

In issues regarding the violation of basic constitutional safeguards, we make our own evaluation of the totality of circumstances under which the ruling on those constitutional rights was made. *Dickinson*

*Co., Inc. v. City of Des Moines*, 347 N.W.2d 436, 439 (Iowa App.1984).

Ordinarily, all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack. *Fehlhaber*, 681 F.2d at 1027. However, a departure from established modes of procedure can render a judgment void where the procedural defects are serious enough to constitute a violation of due process or to be considered jurisdictional. *Id.*

Notice is constitutionally sufficient where it is reasonably calculated to accomplish its purpose. *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 472 (Iowa 1973). We find the Mitchells received sufficient notice the hearing was to be held on *January 6, 1988*. Notice of the January 6 hearing was sent to the Mitchells home address in Minnesota on December 17, 1987. This notice may be considered sufficient even though it was not received. *Id.*

While on the morning of January 6 the district court reassigned the case to January 7, the hearing was actually held in the afternoon of *January 6, 1988*. We find the order reassigning the case to January 7 was of no practical effect whatsoever. Any problems with notice of the reassignment are therefore not serious enough to render the default judgment void.

B. The Mitchells also claim the default judgment is void on due process grounds because it was entered in a manner inconsistent with the rules of civil procedure concerning defaults. They state that under rules 231 and 120 they were entitled to notice of the default judgment. The Mitchells also claim rule 232(b) gave them a right to a hearing on the issue of damages before the judgment was entered.

There is no rule requiring notice of hearing be given to anyone prior to entry of a default judgment where there has been personal service of original notice. *Claeys*, 260 Iowa at 44, 148 N.W.2d at 484. Fur-

thermore, rule 233 provides that failure of the clerk to give notice of a default judgment will not invalidate the judgment.

■ As to the Mitchells' arguments concerning rule 232(b), the rule provides, "The court may, and on demand of any party not in default shall, either hear any evidence or accounting required to warrant the judgment or refer it to a master." We conclude a hearing may be held, in the district court's discretion, when requested by the defaulting party; only the nondefaulting party may demand a hearing. Rule 232(b) does not give the Mitchells the right to demand a hearing.

The decision to grant a default judgment rests in the sound discretion of the trial court. *Kohorst v. Iowa State Commerce Commission*, 348 N.W.2d 619, 623 (Iowa 1984). The district court acted within its discretion in entering the default judgment after hearing Johnson's evidence concerning damages. We determine the default judgment was not void based on any failure to follow the rules of civil procedure concerning default judgments.

III. The Mitchells also claim the default judgment is void based on extrinsic fraud in entering the judgment. They believe Johnson willfully and intentionally failed to follow the rules of civil procedure in order to keep them from participating in the proceedings.

A party may institute a suit in equity seeking to vacate a judgment and obtain a new trial where, with reasonable diligence, he or she was not able to discover the fraud or other grounds for vacating the judgment within one year after the judgment. *City of Chariton v. J.C. Blunk Construction Co.*, 253 Iowa 805, 817, 112 N.W.2d 829, 835 (1962). While such a proceeding is in equity, the grounds alleged for relief must be found among those specified in the rules for vacating a judgment. *See Shaw v. Addison*, 236 Iowa 720, 729, 18 N.W.2d 796, 801 (1945). It is also essential that the fraud be extrinsic and collateral to the proceedings and issues in the original case. *Id.* at 730, 801, 18 N.W.2d 796. A party attempting to vacate a judg-

ment in an equity suit has a heavy burden. *Id.* at 732, 802, 18 N.W.2d 796.

■ Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. *Miller v. AMF Harley–Davidson Motor Co., Inc.*, 328 N.W.2d 348, 353 (Iowa App.1982). It includes the lulling of a party into a false sense of security or preventing him from making a defense. *In re Marriage of Heneman*, 396 N.W.2d 797, 800 (Iowa App.1986). A finding of extrinsic fraud as a basis for vacating a judgment would be justified only by the most egregious misconduct; at the very least it would require a showing of fault, willfulness, or bad faith. *Id.* Such a finding must be supported by clear, unequivocal, and convincing evidence. *Miller*, 328 N.W.2d at 353.

■ As determined by the district court's ruling of April 12, 1990, the Mitchells' amended petition should be interpreted as a petition in equity to vacate the default judgment. Thus, our scope of review on this issue is de novo. Iowa R.App.P. 4.

We find no evidence of extrinsic fraud in this case. The Mitchells have presented no evidence to show Johnson's conduct prevented them from defending the case. The Mitchells have not alleged, and there is no evidence to support, a finding that the hearing on the default judgment was purposely held at a time the Mitchells were on vacation and not receiving their mail. We conclude there is no basis to vacate the default judgment due to extrinsic fraud.

IV. Finally, the Mitchells contend their petition is not untimely under the rules of civil procedure because the limitations period did not begin to run until Johnson filed their check for $26,000 with the clerk. Johnson did not file the check until January 8, 1991, after the district court's ruling informed him he must do so.

We first note that this issue is at law and our review is on error. *See Hastings v. Espinosa*, 340 N.W.2d 603, 608 (Iowa App. 1983). We are bound by the trial court's findings of fact if supported by substantial

evidence. *Walters v. Williams,* 203 N.W.2d 383, 385 (Iowa 1973).

Iowa Rule of Civil Procedure 228 provides:

> The clerk shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with him for cancellation.

■ However, a clerk's entry of judgment without first demanding any written evidence of indebtedness does not render the judgment void. *Webster City Production Credit Association v. Lenz,* 268 N.W.2d 182, 184 (Iowa 1978). At most a failure to comply with this rule subjects the judgment to an attack by the injured party. *Id.* In the absence of prejudice, a defendant is not entitled to relief because of the clerk's failure to comply with rule 228. *Id.*

■ We agree with the district court that because a judgment entered in violation of rule 228 is at most voidable, a delay in filing the evidence of indebtedness should not toll the time periods for challenging a judgment under rules 236 or 252. Furthermore, the Mitchells have presented no evidence of prejudice. We affirm the district court's ruling allowing Johnson ten days to file the check with the clerk for cancellation.

V. After considering all of the issues raised by the Mitchells, we affirm the decision of the district court. Costs of this appeal are assessed to the Mitchells.

AFFIRMED.