# IN THE COURT OF APPEALS OF IOWA

No. 17-0693
Filed June 6, 2018

**ESTATE OF TENA STEENSMA,**
        Plaintiff-Appellee,

**vs.**

**BUYSMAN, INC., JESSE D. BRAAKSMA, DALE W. BRAAKSMA, and
DANNA S. BRAAKSMA,**
        Defendants-Appellants.

_____

        Appeal from the Iowa District Court for Osceola County, Don E. Courtney,
Judge.

        A corporation and three individuals appeal from the denial of their post-

judgment motion to void the judgment and motion to enlarge.  **AFFIRMED IN**

**PART, VOIDED IN PART, AND REMANDED.**

        Curt Krull of Waagmeester Law Office, P.L.C., Rock Rapids, for appellants.

        John E. Lande and Thomas D. Hanson of Dickinson, Mackaman, Tyler &

Hagen, P.C., Des Moines, for appellee.

        Heard by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

This appeal stems from disputes between shareholders of Buysman, Inc. (Buysman). The plaintiff, the Estate of Tena Steensma, filed the underlying lawsuit against the Buysman corporation (later adding the individual defendants, Jesse, Dale, and Danna Braaksma) for failure to perform a 2011 stock redemption agreement. The estate owned half the shares of Buysman; Jesse Braaksma owned the other half.

The district court granted summary judgment in favor of the estate, required Jesse to relinquish his shares in Buysman, and entered judgment in the amount of $203,930.32 jointly and severally against the four defendants.

Buysman and the Braaksmas filed a post-judgment motion, which the court denied, and they then filed this appeal of the district court's ruling. The estate filed a motion to dismiss, arguing the appeal was untimely and should be dismissed for lack of jurisdiction.[1] The defendants respond that the motion they filed following the court's January 11, 2017 ruling was not an Iowa Rule of Civil Procedure 1.904(2) motion to enlarge or amend but rather a motion to challenge the ruling as void—which can be done at any time—and they timely appealed from the court's ruling on that motion.

If we determine the appeal is timely and reach the merits, Buysman and the Braaksmas ask that we find the district court's ruling is void as to each of the four defendants because the court failed to rule on a pending motion before entering the ruling and because defendant Jesse Braaksma, a non-lawyer, was allowed to represent himself, as well as Dale and Danna Braaksma and the corporation in the proceedings. They maintain the proper remedy is to declare the ruling and judgment void and remand the

---

[1] Our supreme court ordered us to consider the motion to dismiss as part of the appeal.

case to the trial court for further proceedings. The estate argues that the judgment should be affirmed as to each of the four defendants.

## I. Background Facts and Proceedings.

Buysman is a corporation comprised of 320 acres of farmland. Dale Braaksma and Tena Steensma purchased equal shares in Buysman in 2003 for a total value of $736,000.[2] Dale conveyed half of his shares to his wife Danna in 2003, and in 2004 Dale and Danna conveyed all of their shares to their son Jesse. The Braaksmas have always held the majority, if not all, of the director and officer positions in Buysman. Jesse rents farmland from Buysman.

Tena Steensma passed away in 2010. Her estate's claims against Buysman and the Braaksmas include that Jesse does not pay fair market value for the land he rents and consistently has lower yields than the county average.

In March 2015, the estate filed a petition for dissolution against Buysman asserting lack of proper accounting, breach of fiduciary duty, oppression, breach of contract for failing to uphold a redemption agreement, unjust enrichment, and civil conspiracy. Buysman filed an answer through counsel in April. In December 2015, the estate filed a motion to amend to add Dale, Danna, and Jesse as defendants.

Buysman's counsel withdrew in January 2016. A thirty-day stay was granted in order for Buysman to obtain new counsel. At a March telephonic hearing on the estate's motion to amend the petition and add new parties, Jesse participated on behalf of Buysman, himself, and his parents to resist the motion to amend. The estate objected to

---

[2] Steensma and Dale Braaksma were involved in farming together. Dale has been described as Steensma's informally adopted son. There was animosity between Steensma's relatives and the Braaksmas as a result.

Buysman appearing without counsel. In reply, Jesse stated he intended to employ a lawyer, but "would not object to [the estate's] objection. I would rather be represented. That is my intention, but so far I have not been able to find anyone." At the end of the hearing, the court admonished Jesse, "[Y]ou need to get counsel employed on behalf of Buysman, Inc. as soon as possible." The court granted the estate's petition to add the three Braaksmas as parties and stated, "On this occasion the court allowed Mr. Braaksma, a nonlawyer to participate but cautioned him that the corporation needed to employ an attorney for future proceedings."

Neither Buysman nor the Braaksmas filed an answer or any response to the estate's amended petition. On April 12, the estate filed a notice of intent to file for entry of default judgment against Buysman and the Braaksmas. On April 22, Buysman and the Braaksmas filed a "Joint Motion to Dismiss" with individual signature lines for Buysman and each of the Braaksmas. None had counsel of record at that time. The estate filed a resistance as to all parties, arguing as to Buysman that the corporation could not file a motion unrepresented by counsel. The district court did not rule on the motion to dismiss until its denial of the post-judgment motion.

The estate filed a second application for default specifically against Buysman on May 19. Buysman was still unrepresented by counsel. The estate argued Buysman had not filed a responsive pleading as required by Iowa Rule of Civil Procedure 1.303 in response to the estate's amended petition, both because a motion to dismiss is not a responsive pleading tolling the deadline in rule 1.303 and an answer had not been filed, and because Buysman had not filed anything through counsel. The district court did not

rule on the estate's applications for default, although the court mentioned in its ruling on summary judgment filed in January 2017 that Buysman was in default.

Jesse Braaksma continued to participate on behalf of Buysman. His parents separately signed motions and pleadings. In June, Buysman and the Braaksmas filed a motion for extension of time to respond to the estate's motion to remove confidentiality from bank documents. In July, they filed a resistance to the estate's motion to remove confidentiality from bank documents. The court ruled on the motions.

In October, the estate filed a motion for summary judgment and another application for default judgment. In November, the Braaksmas and Buysman, still unrepresented by counsel, filed a motion to continue a hearing set on the estate's motion for summary judgment. Notably, Buysman and the Braaksmas did not ask the court for more time to obtain an attorney but requested additional time "to review these new filings and to prepare suitable arguments in their defense" because the estate had filed a supplement to the motion for summary judgment two days before the hearing.

The motion to continue was denied and an unreported hearing was held on November 16 on the estate's motion for default judgment and motion for summary judgment. Jesse participated on behalf of Buysman, himself, and his parents at the hearing, and he filed a resistance to the estate's motion for summary judgment with signature lines for each defendant.

In January 2017, the court granted the estate's motion for summary judgment.[3] The court determined the estate was entitled to judgment as a matter of law because all three Braaksmas had breached their fiduciary duty to the estate by continuing to allow

---

[3] The court's ruling was based on a proposed ruling submitted by the estate.

Jesse to farm the real estate despite mounting losses, by permitting Jesse to take hundreds of thousands of dollars from Buysman while distributing comparatively little to the estate, by approving the use of Buysman's assets as collateral for personal loans to the Braaksmas, by failing to share the gains of Buysman proportionally with the estate, and by failing to file tax returns. The court determined the estate was entitled to rescind the 2011 redemption agreement because of Jesse's material breach of the agreement. Additionally, even though the estate and Jesse were the only two shareholders of Buysman, the court held Dale and Danna jointly and severally liable for the balance of the damages owed to the estate following Jesse's relinquishment of his shares because "there is sufficient evidence of at least an implied agreement between Dale, Danna, and Jesse Braaksma to breach their fiduciary duties to [the estate]." Although the court had the authority to dissolve the corporation, it declined to do so because of "the onerous tax bill due in the event of liquidation." Instead, the court awarded "a monetary judgment in favor of the Estate and . . . offset such judgment by ordering Jesse Braaksma's shares of Buysman, Inc. to be turned over to the Estate in partial satisfaction of the amounts that Jesse Braaksma owes the estate and Buysman, Inc." Jesse was ordered to relinquish all of his shares of the corporation, and the Braaksmas and Buysman were ordered to pay the remaining judgment of $203,930.32.[4]

The court mentioned in its ruling the estate was entitled to a default judgment against Buysman because it had not appeared through an attorney but concluded "the relief for the Estate against Buysman is redundant of the relief the Estate is entitled to

---

[4] If Jesse failed to relinquish his stock in Buysman, the court indicated judgment would be entered jointly and severally against Buysman and Jesse, Dale, and Danna Braaksma for $1,140,851.82.

against the Braaksmas after consideration of the merits of the Estate's motion for summary judgment." The estate does not now request a default judgment.

On January 27, still unrepresented, Buysman and the Braaksmas filed a motion to void the order granting summary judgment and enlarge the findings, arguing the district court was required to have ruled on their motion to dismiss before it granted summary judgment. The estate resisted.

In February, after finally obtaining counsel, Buysman and the Braaksmas filed a supplemental motion to void and enlarge, arguing the ruling on summary judgment is void as to all defendants because Jesse engaged in the unauthorized practice of law.

The court denied the earlier filed motion to dismiss and the two post-judgment motions, finding the post judgment motions were untimely.

Buysman and the Braaksmas appeal, now appearing through counsel and without separate argument on the differing positions of the parties.

## II. Discussion.

### A. Timeliness.

We first must determine whether the defendants' appeal is timely, as we lack jurisdiction to decide untimely appeals. *See Hays v. Hays*, 612 N.W.2d 817, 818 (Iowa Ct. App. 2000). We review questions of jurisdiction for correction of errors at law. *Yulin Li ex rel. Lee v. Rizzio*, 801 N.W.2d 351, 357 (Iowa 2011).

Here, the estate maintains the defendants' appeal is untimely because the district court entered its ruling on January 11, 2017, and the defendants then waited sixteen days to file their motion to void or enlarge the ruling. The estate maintains, and the district court concluded, that the defendants' motion was a motion to enlarge or amend pursuant

to Iowa Rule of Civil Procedure 1.904(2), which must be filed within fifteen days of the court's ruling. *See* Iowa Rs. Civ. P. 1.904(2) (requiring motion to enlarge or amend to be filed "within the time allowed for a motion for new trial"), 1.1007 (requiring motion for new trial to be filed "within fifteen days after filing of the verdict, report or decision"). If the motion was untimely, the time to file an appeal of the ruling was not tolled. *Hays*, 612 N.W.2d at 819 ("An untimely motion under rule [1.904(2)] will not toll the running of the thirty-day period within which an appeal must be taken."). Thus, the defendant's April 25 notice of appeal was untimely. *See* Iowa R. App. P. 6.101(2) (providing that a "notice of appeal must be filed within 30 days after the filing of the final order or judgment").

In response, the defendants urge us to find their appeal is timely. They maintain the district court wrongly concluded their January 27 motion was a rule 1.904(2) motion to amend or enlarge when it, and their supplemental February motion, were actually motions to have the district court's January 11 ruling voided. The district court then ruled on the defendants' motion (and their supplemental motion to void and enlarge) on March 28. Less than thirty days later, on April 25, the defendants filed this appeal.

Buysman and the Braaksmas's January 27 motion claims that the district court's ruling was void for failing to rule on the defendants' pending motion to dismiss and their February supplemental motion claims that the district court's ruling was void because of Jesse's unauthorized practice of law. A party moving to void a judgment "is not limited to any time within which to file or present [a] motion." *Williamson v. Williamson*, 161 N.W. 482, 485 (Iowa 1917); *see also Rizzio*, 801 N.W.2d at 358 ("[A] void judgment may be attacked at any time."). Though we determine a motion by its substance, *see Zimmer v.*

*Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010), here, both the caption and the substance of the motions attacked the court's ruling as void.

The estate argues the defendants do not have unlimited time to file motions attempting to raise collateral issues, but "[a] void judgment is subject to collateral attack" and the issue can be raised at any time. *In re Estate v. Falck*, 672 N.W.2d 785, 789 (Iowa 2003). "While an application to set aside a voidable judgment must be filed within one year under rule [1.1013], a judgment may be vacated at any time if it is void." *Johnson v. Mitchell*, 489 N.W.2d 411, 414 (Iowa Ct. App. 1992). "A void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record." *Id.*

The estate also takes issue with the form of the defendants' motions. Our case law provides little guidance on what form an attack against an allegedly void judgment should take, and we will not place form over substance. In *Rizzio*, after the trial was completed and judgment had been entered, the guardian ad litem (GAL) of a child who had been represented by his parent in a legal proceeding filed a "report" contending the father's unauthorized practice of law in the previous trial entitled the child to a new trial with a licensed attorney. 801 N.W.2d at 354. The defendant in the previous trial resisted, arguing the district court could not reach the merits because the issue had not been raised within the time permitted for post-trial motions. *Id.* The district court then held a hearing on the motion for new trial. *Id.* After the hearing, the GAL filed a second document, in which the GAL abandoned its earlier claim and instead argued that the judgment that was adverse to the child was "null and void." *Id.* The district court declined to grant a new trial or to void the judgment, opining the issue was not properly before it because the claim was raised in a report to the court rather than a motion. *Id.* at 355. Our court

determined the issue of whether the trial judgment was void was preserved for our review even though "the GAL brought this claim before the [district] court relatively late in the proceedings [and] in a document captioned 'Reply to Defendant's Response to Report of Guardian Ad Litem,'" because the district court had a chance to rule on the issue and did so. *Id.* at 358.

Because the substance—and the caption—of the defendants' motions attacked the district court's judgment as void and an attack on a judgment as void can be raised at any time, and the ruling on the motions was an appealable final ruling, we proceed to the merits of the defendants' appeal.

**B. Merits.**

Next, we must determine whether the district court's failure to rule on a pending motion before entering judgment or Jesse's alleged unauthorized practice of law voids the district court's summary judgment ruling, and, if it does, to which defendants the ruling is void. We review for correction of errors at law. *See id.* at 357–58 (citing *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995) (stating questions of jurisdiction, authority, and venue are legal issues reviewed for correction of errors at law.)).

*1. Pending Motion.*

It is undisputed that the defendants filed a "joint motion to dismiss" on April 22, 2016, which the court did not rule on before its January 11 ruling. "Where undisposed of motions are on file an order of the trial court finding defendant to be in default is erroneous and must be set aside." *Theis v. James*, 184 N.W.2d 708, 709–10 (Iowa 1971). "[T]he refusal of the court to aside the default and judgment rendered thereunder must be reversed." *Pedersen v. Thorn*, 137 N.W.2d 588, 590 (Iowa 1965). Here, no default

judgment was entered; the court ruled on the merits of the estate's summary judgment motion.

Additionally, while the defendants argue "[t]here should be no difference in the responsibility of the trial court to rule on existing and pending motions in a summary judgment case as opposed to a default judgment matter," they have provided no authority to support their position.  We do not consider this argument further.

### 2. Unauthorized Practice of Law.

Next, we determine to what extent Jesse engaged in the unauthorized practice of law and how that affects the court's summary judgment ruling as to each of the defendants.

*Buysman.*  "Our supreme court is vested with the 'inherent authority to define and regulate the practice of law' in Iowa."  *Rizzio*, 801 N.W.2d at 358 (quoting *Iowa Supreme Ct. Comm'n on Unauthorized Practice of Law v. Sturgeon*, 635 N.W.2d 679, 681 (Iowa 2001)).  In an exercise of that authority, the supreme court adopted "the general rule that a corporation may not represent itself through nonlawyer employees, officers, or shareholders."  *Hawkeye Bank & Trust, Nat'l Ass'n v. Baugh*, 463 N.W.2d 22, 26 (Iowa 1990).  The practice of law includes exercising professional judgment and representing another before the courts.  *Rizzio*, 801 N.W.2d at 358 (citing *Bergantzel v. Mlynarik*, 619 N.W.2d 309, 312–13 (Iowa 2000)).

Here, it is clear Jesse engaged in the unauthorized practice of law when he purported to represent Buysman throughout the proceedings.  In at least one case in which we have found the unauthorized practice of law, we have determined the judgment against the unrepresented party was void.  *See Rizzio*, 801 N.W.2d at 362 (determining

the "unauthorized practice of law itself renders the judgment in this case void").  However, in other cases involving the apparent unauthorized practice of law and corporations, where there was no objection by the opposing party, we have not ruled so severely.  *See, e.g.*, *Alexander Techs. Europe, Ltd. v. MacDonald Letter Serv., Inc.*, No. 05-2023, 2007 WL 1827472, at *1 n.1 (Iowa Ct. App. June 27, 2007) (considering briefs from a nonlawyer when plaintiff did not contest nonlawyer appearing on behalf of a corporation); *Crompton Corp. v. All Star Feeds, Inc.*, No. 04-0003, 2005 WL 1224592, at *1 n.1 (Iowa Ct. App. May 25, 2005) ("[Plaintiff] did not raise the status of [defendants]' president either before the district court or before our court.  Therefore, we deem the matter waived.").

Buysman had notice—both through case law and in the actual proceedings—that it needed to hire an attorney.  *See Hawkeye Bank*, 463 N.W.2d at 26 (adopting "the general rule that a corporation may not represent itself through nonlawyer employees, officers, or shareholders").  The estate raised the issue a number of times in filings with the court, and the court itself instructed Buysman in March 2016 that it needed to get counsel employed "as soon as possible."  Yet an attorney never filed an appearance for the corporation until after the court decided the motion for summary judgment, and the district court allowed Jesse to continue to engage in the unauthorized practice of law.[5]

In this situation, we agree with the district court that the estate was entitled to a default judgment against Buysman, since any pleadings or motions filed on the corporation's behalf by Jesse Braaksma should have been stricken and considered void.

---

[5] The district court should have played a more active role in preventing Jesse, a non-lawyer, from repeatedly representing the corporation.  *See Rizzio*, 801 N.W.2d at 361 (ruling the district court did not have the discretion to permit the unauthorized practice of law, as the court is bound by the rules and pronouncements of our supreme court); *see also* Iowa Ct. R. 37.2 (requiring persons who practice law to be attorneys).

*See Wetzel v. Schlenvogt*, 705 N.W.2d 836, 840–41 (N.D. 2005); *see also In re Estate of Nagel*, 950 P.2d 693, 694 (Colo. App. 1997) ("Subject to certain exceptions, proceedings commenced or prosecuted and pleadings filed by a corporation without an attorney are a nullity and will be stricken."); *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 958 P.2d 1035, 1038 (Wash. 1998) (ruling the district court properly struck documents signed by a non-attorney on behalf of a corporation).

However, the district court did not formally enter a default judgment against Buysman, instead including the corporation in its determination of damages in its summary judgment ruling against the Braaksmas. The corporation did not appear by counsel in the summary judgment proceedings, nor was any resistance filed by Jesse Braaksma to be considered on behalf of the corporation. The appropriate remedy here is to void the adverse summary judgment ruling as to the corporation. *See Rizzio*, 801 N.W.2d at 362. We reverse the district court's denial of the post-judgment motion as to the corporation and void the entry of summary judgment against the corporation.

**Dale and Danna.** The defendants, in their appellate brief, maintain that Jesse engaged in the unauthorized practice of law on behalf of Dale and Danna as well as on behalf of the corporation. However, the record does not support that assertion. Rather, it appears that Dale and Danna represented themselves in the action, as they are allowed to do. *See, e.g.*, *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 599 (Iowa 1998) ("A litigant has a right to appear in court pro se."). After Dale and Danna were served with the original notice on March 17, 2016, the estate's certificates of service state that copies of all filings were mailed to Dale and Danna. More importantly, each filing made to the court contained Dale and Danna's signature lines. We presume their signatures are valid. *See* Iowa Ct.

R. 16.305(6)(a). Moreover, Dale and Danna had thirty days after each "knew or should have known the signature was not authentic or valid" to dispute the authenticity of the signatures by filing an objection. *See* Iowa Ct. R. 16.305(7). Neither Dale nor Danna has done so.

Because the record supports the conclusion that Dale and Danna represented themselves in the action, we will not void the district court's summary judgment ruling as it pertains to them.

***Jesse.*** Jesse concedes that a civil litigant may, as he did here, represent himself or herself. However, he argues we should void the district court's ruling as it pertains to him because his rights are tied to those who were "jeopardized by the pro se litigant's legal judgments." But there is not one set of rules for represented parties and another for pro se litigants; unrepresented individuals must suffer the consequences of adverse rulings the same way represented litigants do. *See Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) ("The law does not judge by two standards, one for lawyers and another for lay persons. . . . If lay persons choose to proceed pro se, they do so at their own risk.").

Because Jesse chose to represent himself in the action, we will not void the district court's summary judgment ruling as it pertains to him.

## III. Conclusion.

Because a ruling may be attacked as void at any time, the defendants' appeal is timely, and we deny the estate's motion to dismiss. In considering the merits of the defendants' appeal from the denial of the post-judgment motion, we void the judgment as to the corporation, Buysman. We affirm the district court's summary judgment ruling

as to all three individual defendants: Jesse, Dale, and Danna Braaksma.  We remand for entry of a corrected order.

**AFFIRMED IN PART, VOIDED IN PART, AND REMANDED.**