# IN THE COURT OF APPEALS OF IOWA

No. 20-0513
Filed October 20, 2021

IN RE THE MARRIAGE OF SHAWN AMAR RANA
AND LEANNE PATRICIA RANA

Upon the Petition of
SHAWN AMAR RANA,
        Petitioner-Appellee,

And Concerning
LEANNE PATRICIA RANA,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.


        The ex-wife asked the court modify or change the property disposition in the

dissolution decree based upon an allegation her ex-husband fraudulently

concealed assets.   The district court dismissed her claim, and she appeals.

**AFFIRMED.**


        R. A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

        Curtis Dial of the Law Office of Curtis Dial, Keokuk, for appellee.


        Considered by Tabor, P.J., and Greer, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**GREER, Judge.**

Shawn and Leanne Rana dissolved their marriage by stipulated decree, which included division of their marital property. One year later, as part of her petition to modify custody provisions, Leanne also raised a counterclaim asking the court to modify the property division based on Shawn's alleged fraudulent concealment of certain assets. The court dismissed Leanne's counterclaim, concluding (1) it was not properly brought under Iowa Rules of Civil Procedure 1.1012 and 1.1013 and (2) Leanne failed to prove her claim of fraud in equity. Leanne appeals, challenging the court's rulings in several respects. Shawn waived his right to file an appellate brief pursuant to Iowa Rule of Appellate Procedure 6.903(3).

**I. Background Facts and Proceedings.**

Leanne and Shawn dissolved their marriage by stipulated decree on September 28, 2017. The stipulated decree included custody and physical care provisions for the parties' minor children, C.R. and S.R., as well as the division of marital property.

Less than a year later, Shawn filed a motion to modify some of the provisions of the decree that related to the care and custody of C.R.

On September 28, 2018—exactly one year after the decree was filed— Leanne filed her answer and counterclaim, asking that she be given sole legal custody of C.R. and that the court require Shawn to have supervised visitation with the child. Leanne also asked the court to modify the property division, alleging Shawn fraudulently failed to fully disclose a Ferrari worth $200,000 and a pension.

Shawn—though represented by counsel—did not respond to Leanne's counterclaim nor answer her request for admissions. Shawn also failed to attend depositions or appear at the trial on the petitions in May 2019.[1]

Without Shawn in attendance at the trial, his attorney informed the court she had no other witnesses or evidence to offer in support of Shawn's petition to modify the decree. Ruling from the bench, the court announced it was dismissing Shawn's petition with prejudice for lack of proof. Leanne was then allowed to testify and submit evidence to support her request for modification as to the child-custody and visitation provisions of the decree. At trial, she made an oral request to amend her petition for modification, clarifying that her claim of fraud and request for a modification of the property division were based on Iowa Rule of Civil Procedure 1.1012(2) and (6) as well as common law fraud. Through his attorney, Shawn resisted in part. The district court granted Leanne's oral motion to amend the petition. Leanne then proceeded to offer evidence to support her request for modification of the property division in the decree, including a prior finding by the court that Shawn failed to disclose his pension.[2]

Within a couple weeks of the trial, the court filed orders dismissing Shawn's petition to modify the decree, granting Leanne's petition to modify so as to give her sole legal custody of C.R., and granting Leanne "reasonable fees and costs for

---

[1] Counsel for Shawn participated in the deposition by telephone. And other counsel appeared at trial and asked the court to allow Shawn to appear and testify by telephone. Leanne resisted Shawn's motion, and the court denied the request, finding it was untimely made and there was not a showing of good cause "for allowing [the] last-minute request."

[2] At the end of the trial, the court ruled orally from the bench, modifying the visitation provisions to allow Shawn to have only supervised visits with C.R.

attending the deposition" as a sanction for Shawn's failure to attend. The court did not issue a ruling on Leanne's counterclaim of fraud.

Then, on December 13, 2019, the court issued a "notice of intent to dismiss," stating:

> 1. The counterclaim is really a petition for new trial filed under Iowa [Rules of Civil Procedure] 1.1012 and 1.1013. 2. As such, the petition must be filed and the opposing party must be served with an original notice within one year after the rendition of the judgment or order involved. Here, the record does not demonstrate that [Shawn] was served with original notice within one year after the rendition of the order at issue. 3. Absent compliance with the Rule, the court lacks subject matter jurisdiction. This is true even though [Shawn] failed to raise this issue at trial or before trial.

The order provided that the counterclaim would be dismissed "on December 30 at 8:00 a.m. unless otherwise ordered."

Leanne filed a resistance and, after receiving additional time to respond, Shawn filed a response in support of the court's intent to dismiss the claim.

On January 17, 2020, the district court dismissed Leanne's counterclaim for lack of subject matter jurisdiction. The court concluded Leanne's assertion—made in her resistance to the court's notice—that she properly served Shawn with original notice "lack[s] merit. Personal service is required but was never achieved." Additionally, the court "rejected" Leanne's "attempts to cast the Counterclaim as a common law action for fraud or as a compulsory counterclaim" and concluded it was "not a case of misjoinder as alleged by [Leanne's] counsel."

Leanne filed a motion to reconsider, which the court denied in a February 23 order. The court ruled:

> The Motion lacks merit for several reasons. First, [Leanne's] Rule 1.1012 and 1.1013 Petition was filed within one year of the Decree but [she] failed to personally serve [Shawn] with original Notice and

this Petition. This failure deprives the court of subject matter jurisdiction, unless [Leanne] can show that the equitable exception for fraud exists. To the extent that [Leanne] asserts that her counterclaim for fraud can be filed beyond the 1 year time period established in Rules 1.1012 and 1.1013, the court believes this assertion is inaccurate because the grounds alleged for fraud were known to [her] on or before the expiration of the one year time limit. This is clear for two reasons. First, the counterclaim itself recognizes these alleged grounds for fraud are known to [Leanne] within a year of entry of the Decree. Next, [she] knew in May 2018 of the alleged fraud based upon [Shawn's] failure to disclose his pension income. The grounds alleged for fraud associated with the Ferrari were known to [Leanne] in June 2018, as evidenced by the pleadings and Order filed June 14, 2018.

Leanne appeals.[3]

## II. Standard of Review.

"We review subject matter jurisdiction rulings for correction of errors at law." *Schaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013). And "[a] proceeding for the vacation of a judgment is on assigned errors and is not triable de novo." *Stoner v. Klein*, 528 N.W.2d 648, 650 (Iowa Ct. App. 1995) (considering action brought under Iowa Rule of Civil Procedure 252, now renumbered 1.1012).

---

[3] Leanne challenges the court's denial of her motion to reconsider. Leanne filed a motion to reconsider, and the court filed an order stating that the matter would be submitted at 8:00 a.m. on February 24 but without oral argument. Shawn was required to file "[a]ny resistance . . . at least three business days before the date and time fixed for non-oral submission." Shawn filed an untimely resistance on February 21 at 2:54 p.m. and then, on February 23, before the matter was set for submission, the court entered a ruling denying Leanne's motion. Several hours after the court issued its ruling, Leanne filed a reply to Shawn's resistance. On appeal, Leanne makes general assertions that the court ruled on her motion to reconsider "impermissibly," "preemptively," and without authority. But she does not cite to any authority for these claims. Her argument rests on the assumption the court was required to allow her to file a written response to Shawn's resistance, but she also cites no authority for this proposition. We do not consider this issue. *See* Iowa R. App. P. 6.903(2)(g)(3).

However, we consider Leanne's claim of fraud in equity de novo.  *See Johnson v. Mitchell*, 489 N.W.2d 411, 415 (Iowa Ct. App. 1992); *see also In re Marriage of Fitzpatrick*, No. 19-0033, 2020 WL 4497961, at *3 (Iowa Ct. App. Aug. 5, 2020).

## III. Discussion.

Here, as required by Iowa law, Leanne and Shawn's property was divided in the dissolution decree.  *See* Iowa Code § 598.21(1) (2015).  Neither party appealed, so the property division is generally "not subject to modification."  *Id.* § 598.21(7).

However, there are two exceptions to the general prohibition on modifying property divisions.  First, under Iowa Rule of Civil Procedure 1.1012(2), "the court may correct, vacate or modify a final judgment or order" due to "[i]rregularity or fraud practiced in obtaining it."  But there is a time limit and notice requirement to avail oneself of rule 1.1012.  *See* Iowa R. Civ. Pro. 1.1012 ("Upon timely petition and notice under rule 1.1013 . . .").  Rule 1.1013 requires a petition for relief under rule 1.1012 to "be filed and served in the original action within one year after the entry of the judgment or order involved."  The adverse party must be served "with an original notice and petition in the manner provided in rules 1.301 through 1.315." Iowa R. Civ. P. 1.1013(2).  These requirements are jurisdictional.  *See, e.g.*, *Kern v. Woodbury Cnty.*, 14 N.W.2d 687, 688 (Iowa 1944) (concluding the trial court "had no jurisdiction to consider" a petition under rule 252, now renumbered rule 1.1012, that was not filed and served within one year).

The district court concluded it lacked jurisdiction to decide Leanne's request to vacate or modify the property division under rule 1.1012(2) because Leanne

failed to serve Shawn with the original notice during the one-year window. *See* Iowa R. Civ. P. 1.1013. On appeal, Leanne disputes this ruling. First, she challenges the court's ruling on subject matter jurisdiction, seemingly arguing it was an improper ruling because Shawn never raised the issue. But "[t]he question whether a court has subject matter jurisdiction may be raised at any time and is not waived by consent." *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001). The court must determine subject matter jurisdiction issues even when the parties have not raised them. *Id.* at 555. Because if subject matter jurisdiction is lacking, "the only appropriate disposition is to dismiss the . . . petition." *Id.*

Next, Leanne challenges the district court's treatment of her counterclaim as a petition for new trial under Iowa Rule of Civil Procedure 1.1012 and 1.1013. At trial, Leanne asked to orally amend her petition to add that her claim of fraud and request for a modification of the property division was based on Iowa Rule of Civil Procedure 1.1012. So it is clear she meant to implicate rule 1.1012 when raising the issue of fraud. And while she referred to her request as a counterclaim of her petition to modify, "a label attached to a motion does not determine its legal significance. . . . [Courts] look to the motion's content to determine the motion's real nature." *Halverson v. Iowa Dist. Ct.*, 532 N.W.2d 794, 799 (Iowa 1995). Because Leanne's request to modify or vacate the property division of the decree was (at least in part) actually a request under rule 1.1012, the court treated it as such—requiring Leanne to comply with the other attendant rules of civil procedure such as personal service and paying a filing fee. *See* Iowa Rs. Civ. P. 1.305; 1.1013(1), (2). This was not in error.

The district court found Leanne "failed to personally serve [Shawn] with original Notice and this Petition," which violated the jurisdictional requirements of rule 1.1013. Rule 1.1013 states: "A petition for relief under rule 1.1012 requires payment of the filing fee . . . and must be filed and served in the original action within one year after the entry of the judgment or order involved." Leanne argues the district court was wrong to dismiss her rule 1.1012 claim of fraud because Shawn was automatically served through EDMS.[4] But rule 1.1013 requires personal service of the original notice. *See* Iowa Rs. Civ. P. 1.1013(2) (requiring the petitioner to serve the adverse party with an original notice and petition in the manner provided in rules 1.301 through 1.315); 1.305(1) (providing how personal service may be made). And the rule Leanne cites, Iowa Court Rule 16.315, relates only to "electronic service of documents *subsequent* to original notice." (Emphasis added.) Rule 16.314 deals with original notices, and it requires them to "be served upon the party against whom an action is brought in accordance with the Iowa Code and the Iowa Rules of Civil Procedure." Iowa Ct. R. 16.314(3). "Electronic service *cannot be used to serve an original notice* or any other document that is used to confer personal jurisdiction." Iowa Ct. R. 16.314(3) cmt. (emphasis added); *see also Bell v. 3E*, No. 19-0310, 2019 WL 4298045, at *2 (Iowa Ct. App. Sept. 11, 2019) (concluding personal service was not accomplished "by simply filing petition through the EDMS system"). We agree with the district court that Leanne's filing of the counterclaim on EDMS did not accomplish personal service, which is required for a rule 1.1012 fraud claim.

---

[4] EDMS "means the electronic document management system, the Iowa Judicial Branch electronic filing and case management system." Iowa Ct. R. 16.201(5).

Switching gears, Leanne argues the jurisdictional requirements that applied to her rule 1.1012 fraud claim do not apply to her fraud in equity claim. We agree in certain circumstances. *See In re Marriage of Hutchinson*, No. 20-0076, 2021 WL 3076299, at *3 (Iowa Ct. App. July 21, 2021) ("Even when an aggrieved party . . . is time-barred from bringing an action *at law* under rule 1.1012, they may still be able to pursue claims of fraud *in equity*."). Here, we also note the district court did dismiss her fraud in equity claim due to jurisdictional issues, rejecting Leanne's "attempts to cast the Counterclaim as a common law action for fraud."

"A party attempting to vacate a judgment in an equity suit has a heavy burden." *Johnson v. Mitchell*, 489 N.W.2d 411, 415 (Iowa Ct. App. 1992). "They must clear three hurdles." *Hutchinson*, 2021 WL 3076299, at *3. The party must show that, "with reasonable diligence, he or she was not able to discover the fraud . . . within one year after the judgment." *Johnson*, 489 N.W.2d at 415. The party also has to prove that the fraud is "extrinsic" rather than "intrinsic fraud." *See id.* ("It is . . . essential that the fraud be extrinsic and collateral to the proceedings and issues in the original case. . . . Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy." (citations omitted)). And finally, the party must also prove the elements of fraud. *See Morton v. Underwriters Adjusting Co.*, 501 N.W.2d 72, 73–74 (Iowa Ct. App. 1993) (holding that equitable fraud may be proved without showing scienter and pecuniary damages; the elements include only (1) representation, (2) falsity, (3) materiality, (4) intent to deceive, and (5) reliance).

Here, the district court dismissed Leanne's claim of fraud in equity after concluding she could not prove she was not able to discover the fraud within one year after the judgment. Specifically, the court ruled:

> To the extent that [Leanne] asserts that her counterclaim for fraud can be filed beyond the 1 year time period established in Rules 1.1012 and 1.1013, the court believes this assertion is inaccurate because the grounds alleged for fraud were known to [her] on or before the expiration of the one year time limit. This is clear for two reasons. First, the counterclaim itself recognizes these alleged grounds for fraud are known to [Leanne] within a year of entry of the Decree. Next, [she] knew in May 2018 of the alleged fraud based upon [Shawn's] failure to disclose his pension income. The grounds alleged for fraud associated with the Ferrari were known to [Leanne] in June 2018, as evidenced by the pleadings and Order[5] filed June 14, 2018.

"It is a well established rule that if alleged fraud by use of reasonable diligence might have been discovered within the one-year limitation then applicant should not be allowed to prosecute the proceeding in equity." *Sorenson v. Sorenson*, 119 N.W.2d 129, 134 (Iowa 1963). Here, like in *Sorenson,* the petitioning party's own evidence establishes they had "actual knowledge" of the fraud within the one-year time frame. *Id.* at 134. So we agree with the district court that Leanne could not show the fraud was undiscoverable during the one-year window provided by rule 1.1012. *See In re Davidson,* No. 14-0204, 2014 WL 6977276, at *6 (Iowa Ct. App. Dec. 10, 2014) (holding a collateral civil fraud action cannot save an untimely attack on the dissolution decree under rules 1.1012 and 1.1013).

---

[5] In a contempt action and a motion for temporary restraining order and injunction filed before this modification action, both the pension income and Ferrari were topics of contention raised by Leanne.

**IV. Conclusion.**

Because Leanne failed to comply with the jurisdictional requirements for her rule 1.1012 fraud claim and because she cannot obtain relief on her equitable fraud claim, we agree with the district court's ruling dismissing her request to modify the property division in the dissolution decree.

**AFFIRMED.**